BALLOU v. LUCAS, ADM'X, ET AL.

1. **Vendor and Vendee:** FRAUD: VENDOR BY QUIT-CLAIM LIABLE FOR. A vendor who induces his vendee to purchase land by falsely and fraudulently representing that the title is perfect, is liable to the vendee for such fraud, even though the contract of purchase provided for, and the sale was consumated by, a quit-claim deed only.

2. **Practice in the Supreme Court:** RELIEF LIMITED BY THE RECORD. While in this case it would *seem* that a judgment more favorable to plaintiff ought to have been rendered, yet, as he does not appeal, and makes no complaint, this court cannot inquire into the correctness of the amount of the judgment.

*Appeal from Marshall District Court.*

WEDNESDAY, JUNE 14.

ACTION in chancery to rescind a sale and conveyance of forty acres of land in Marshall county on account of fraudulent representations as to the title made by defendant to plaintiff. There was a decree granting the relief prayed for in the petition; defendant appeals. After the cause was brought to this court the death of Lucas was suggested and his administratrix was substituted as defendant.

*J. M. Parker*, for appellant.

*L. L. Hamlin* and *Caswell & Meeker*, for appellee.

BECK, J.—I. The petition alleges that defendant, for the purpose of defrauding plaintiff, represented to him that defendant was the absolute owner, under a good and perfect title, of the land involved in this suit; that plaintiff, relying upon defendant's representations, as to his title to the land, entered into a contract with defendant for its purchase, and in pursuance thereof and in payment for the land, conveyed to defendant a lot in the city of Marshalltown and paid him $200.00 in money, and received from defendant a quit-claim deed for the land, and that defendant had no right, title or

interest in and to the land, which was well known to him. The plaintiff offers to reconvey the land to defendant by quit-claim deed, and prays that a decree be entered requiring defendant to reconvey the lot to plaintiff and that judgment be rendered in his favor against the defendant for $200.00, being the amount paid in money upon the purchase of the land.

The answer of defendant denies the averments of the petition as to the alleged representations made by defendant regarding the title, and charges that plaintiff made examinations into the title and had full opportunity to protect himself against the alleged fraud of defendant, and relied upon his own judgment and knowledge in making the purchase. The defendant further alleges that prior to and at the time of the sale of the land he informed the defendant that his title to the land was based upon a sheriff's deed and that he would execute therefor a conveyance of no other character than a quit-claim deed.

II. The evidence we think supports the allegations of plaintiff's petition. It is satisfactorily shown that defendant represented to the agent through whom the sale was made that the title of the land was good, and also stated that he had or did have an abstract so showing. The representations in regard to the title were repeated to plaintiff by the agent, but it does not appear that the agent informed plaintiff that defendant claimed to have an abstract of title. The plaintiff made no examination of the title and we are well satisfied by the evidence that he relied upon defendant's representations that the title was good, and was influenced thereby to make the purchase.

The testimony clearly shows that defendant's title to the land was not good; that he claimed under a sheriff's deed executed upon a sale under a foreclosure of a mortgage. The title to a large interest in the land was in minor heirs who did not join in the execution of the mortgage, and their interest was in no manner and to no extent bound by it. Besides the land was covered by a prior mortgage, executed by the

mother of the heirs, who had executed the mortgage under which defendant claimed. This prior mortgage had been foreclosed and a part of the land sold thereon. It clearly appears that defendant's title, if valid to any extent, covered only a part of the land.

The evidence very clearly shows that defendant had full knowledge of the defects in the title under which he claimed, and was well advised that at most he could hold but a part of the land.

III. Counsel for defendant insist that as the contract of purchase provided for the execution of a *quit-claim* deed which was accepted by plaintiff, he has no remedy against defendant for the fraudulent representations as to the title of the land. The position is based upon the familiar rule that one who takes lands under a quit-claim deed is not to be regarded as a *bona fide* purchaser without notice of outstanding titles and equities. But this doctrine is not applicable to this case. It prevails in settling conflicting titles and is intended to protect equities as against those charged with notice of their existence. It is never invoked to protect a fraudulent grantor who by false representations induces a confiding purchaser to believe that he acquires a good title under a quit-claim deed.

*1. VENDOR and vendee: fraud: vendor by quit-claim liable for.*

If in this case the deed executed by defendant had contained covenants of warranty, plaintiff could maintain the action. This is a familiar rule of the law and we do not understand counsel for defendant denies it. See 1 Hilliard on Vendors, p. 333; Cooley on Torts, p. 503. The reasons in support of a right of action to recover for fraudulent representations as to title, when a conveyance is made by quit-claim deed, appear to be stronger than exist in the case of a deed of warranty executed under like circumstances. In the last case the defrauded party has a remedy upon the covenants of the deed; in the first he is without a remedy unless an action for fraud may be maintained. It would be a reproach to the law to hold that a vendor who, by fraudulent representations, has

induced a vendee to accept a quit-claim deed for land can wholly escape liability for his fraud. The law ought to exact truth and honesty from vendors by quit-claim deeds as well as from those who give warranties of title. Of course if the grantor in a quit-claim deed makes no false representations he is not liable if the grantee acquires nothing by the deed. But in that case he is honest, at least does not deceive the vendee by misrepresentations. But when he induces the grantee by falsehood to accept a quit-claim deed there is no rule of law or equity which will relieve him of liability for his fraud.

IV. The plaintiff agreed with the agent representing him that he would pay in addition to the lot $200.00 for the land 2. PRACTICE and that the agent should retain whatever of that in the supreme court: sum should not be paid to defendant under the relief limited by record. contract to be made with him. The defendant agreed to accept $50, the agent thus making $150.00 by the transaction. The decree of the District Court provides for the reconveyance of the land and the lot to the respective parties, and judgment is rendered against defendant for $50, the amount he received from the agent. Plaintiff does not appeal, and makes no complaint of the decree but asks that it be affirmed. We therefore cannot inquire into the correctness of the amount of the judgment for $50.

The decree of the District Court must be

AFFIRMED.