## REUTER, Appellant, vs. LAWE, Respondent.

*September 8 — October 17, 1893.*

*Vendor and purchaser of land: Fraudulent representation as to title: Rescission.*

1. A mere reference by a vendor to the property as "my land," in general conversations with the vendee, not shown to have had any reference to the proposed purchase, is not such a fraudulent representation of good title as will support an action to rescind the sale upon failure of title, even though the vendee may testify that he relied thereon.

2. Where a contract for the sale of land has been executed by delivery of the deed and payment of the purchase-money, and there is nothing to prevent the purchaser from taking possession, there can be no rescission, in the absence of fraud, even though the title fails. The remedy is on the covenants of the deed.

APPEAL from the Circuit Court for *Outagamie* County.

This action was brought to rescind a warranty deed of conveyance of a parcel of land in Kaukauna, made and delivered by defendant to plaintiff, July 15, 1890, and to recover the purchase price paid, on the ground that defendant fraudulently represented that he had title thereto, when in fact the major portion thereof was a public park. It appeared that the defendant was the original owner thereof,

and had been in continuous possession thereof for many years, and was so in possession at the time the deed was made and the purchase money paid.    There were no buildings on the land, but it was fenced, and frequently used, by defendant's permission, for church and society picnics. The plaintiff took no actual possession of the land, though there appears to have been nothing to prevent his taking possession if he chose.   Some weeks after the transaction the city of Kaukauna took possession of the major part of the land, claiming that it had been dedicated to the public by the making and recording of a plat in 1851.    Much testimony was introduced as to this and subsequent plats, and as to alleged acts of abandonment by the city; but, as the questions are not touched upon in the decision of the case, there is no necessity to state the testimony in detail.   The plaintiff claims that the defendant fraudulently represented to him that he had good title to the premises; that he relied on such representations; that defendant had no title to the major portion of the premises; and that he (plaintiff) is consequently entitled to rescind and recover back his purchase money.   The defendant denies any fraudulent or false representations, and alleges that he had good title to the whole property.   The court found that the defendant had good title to the premises and made no false representations.    From judgment dismissing the complaint, plaintiff appeals.

The cause was originally argued February 23, 1893.

*Humphrey Pierce,* for the appellant.

*David S. Ordway,* for the respondent.

On March 21, 1893, the following opinion was filed:

WINSLOW, J.   In the examination of this case two questions of difficulty present themselves which were not adequately argued either in the oral argument or in the printed briefs.   These questions are:

1. Did the taxation of the *locus in quo* as the property

Reuter vs. Lawe.

of *Lawe* from 1878 to 1890, in connection with nonuser and the other circumstances shown, operate to defeat the public rights therein either by way of abandonment or estoppel?

2. Do the facts shown in the pleadings and proofs constitute in law fraudulent misrepresentation or concealment which entitles plaintiff to rescind, after delivery of deed and payment of purchase price?

In our view these are vital questions in the case, and we have concluded to order a re-argument of these two questions.

*By the Court.*— Ordered accordingly.

The cause was re-argued upon the above questions, September 8, 1893.

*Humphrey Pierce,* for the appellant.

*David S. Ordway,* for the respondent.

The following opinion was filed October 17, 1893:

WINSLOW, J.   We find it unnecessary to decide the question as to the sufficiency of defendant's title to the premises, and we intimate no opinion thereon.   We affirm the judgment herein because no representations amounting in law to fraudulent representations were proven.   The only representation proven by the plaintiff to have been made is the following, taken from the plaintiff's own evidence: " *Question.* Did he [defendant] make any statements to you before you purchased it as to its being his? *Answer.* He did always in any general conversations I had with him.   He always called it ' *my park.*' "   Upon these general statements plaintiff says he relied, and it is not shown, either by admissions in the pleadings or by evidence, that he relied on anything else.

While authorities may be found holding that a direct false representation that the vendor has good title to land sold, relied upon by vendee, may be sufficient to sustain an

action to rescind the sale, we are confident that none can be found holding that a mere reference by the vendor to the property as "my land," in general conversations with the vendee, will support such an action, even though the vendee may testify that he relied upon such expressions. Such a rule would convert into a fraudulent vendor nearly every person who sells land to which title afterwards fails. It would, in effect, supply a covenant of warranty of title in every real-estate sale. We cannot dignify mere general talk of the kind proven, which is not shown to have had any reference to the proposed purchase, into a fraudulent misrepresentation.

The element of fraud being entirely eliminated from the transaction, there can be no rescission, even though the title failed, because the contract had been executed by delivery of the deed and payment of the purchase money, and there was nothing to prevent the plaintiff from taking possession. *McLennan v. Prentice*, 85 Wis. 427. Under such circumstances the plaintiff's remedy is by action on the covenants of the deed.

*By the Court.*— Judgment affirmed.