HURLBERT and another, Respondents, vs. T. D. KELLOGG
LUMBER & MANUFACTURING COMPANY, Appellant.

*September 3 — September 23, 1902.*

*Fraudulent representations as to title to land: Contracts: Rescission:
Offer to return property received: Parol evidence.*

1. A direct representation made by one man to another that he has
a fee title to certain land is not necessarily a mere opinion upon
a question of law. If intended and understood as a representa-
tion of a fact, and relied upon to the damage of the other party,
it becomes an actionable fraud.

2. In an action to recover a balance alleged to be due for logs, de-
fendant alleged that plaintiffs had contracted to deliver the logs
from certain land, falsely representing that they had title
thereto, and that after receiving and partially paying for the
logs, defendant had been obliged to pay a large sum of money
to the rightful owner in settlement of the trespass. *Held,* that
defendant need not offer to return the logs received before it
could defend on the ground of fraud or counterclaim damages
on account of the fraud.

3. Where fraudulent representations have been relied upon in the
making of a written contract, or the writing itself does not con-
tain the entire agreement, parol evidence is admissible to show
the facts.

APPEAL from a judgment of the circuit court for Langlade
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Finucane & Con-
way,* and oral argument by *A. C. Conway.*

For the respondents there was a brief by *Foster & Morson,*
and oral argument by *O. H. Foster.*

WINSLOW, J. This was an action at law to recover dam-
ages for breach of a written contract. Upon the trial the court
held upon demurrer *ore tenus* that the answer contained
neither a good defense nor a good counterclaim, and directed
a judgment for the plaintiffs, from which judgment the de-
fendant appeals.

In order to understand the questions raised by the ruling, it will be necessary to make a brief recapitulation of the pleadings and the facts appearing when the ruling was made. The complaint was upon a written contract, which bound the plaintiffs to cut and deliver to the defendant, free of liens, all the saw logs (except piling timber) on a certain eighty acres of land, for which the defendant agreed to pay the market price for such logs at the opening of the season, it being agreed that the defendant should execute and the plaintiffs accept a deed of such lands in part payment for the logs to the amount of $300. The plaintiffs alleged full performance of the agreement on their part, and the delivery of 140,000 feet of logs thereunder at the agreed price of $8 per 1,000, and that the defendant had refused to convey the land, or pay any part of the purchase money except the sum of $380.50, leaving a balance due the plaintiffs of $746.60, for which judgment was demanded. The answer admitted the making of the contract and the delivery of about 140,000 feet of logs thereunder at the agreed price of $8 per 1,000 feet, but alleged as an affirmative defense that the plaintiffs, before the execution of the contract, falsely and fraudulently represented to the defendant that they owned said eighty acres of land in fee, and owed $300 upon the purchase price, and solicited a loan of the defendant of $300 to pay such debt, agreeing to give defendant a deed of the premises, together with outstanding tax certificates, as security for the loan, and to sell and deliver all the saw logs on the lands in accordance with the terms of the contract; that the defendant relied on the truth of the statements, and made the loan asked for, and took the deed and tax certificates as security, and received the logs aforesaid, but that the plaintiffs had no title to the lands, and committed trespass in cutting and removing the logs, and that the rightful owners of the lands have made claim against the defendant for all damages resulting from the cutting of the logs, and demanded a conveyance of the premises, and

that defendant has been obliged to pay the rightful owners a large sum of money in settlement of the trespass, and to deed to them the premises, to avoid a threatened lawsuit to remove a cloud from the title. The same facts are alleged by way of counterclaim, with the additional fact that the defendant had paid plaintiffs upon the contract price of the logs $360.21, re-lying on the false representations of title aforesaid; and judgment was demanded for the recovery of this sum, to-gether with the $300 loaned by the defendant to the plaint-iffs.

The plaintiffs made reply to the counterclaim by way of general denial, and the case came on for trial. The plaintiffs made a *prima facie* case, and, when the defendant attempted to introduce evidence to substantiate the allegations of the an-swer, objected to the introduction of any evidence under either defense or counterclaim. This objection was sus-tained, and the question upon this appeal is whether the rul-ing was correct. It is attempted to be sustained by three propositions which will be briefly considered.

1. It is said that fraud is not sufficiently alleged, in that the charge of fraud is a general allegation, and relates to an opinion upon a question of law, and not to a matter of fact. Doubtless, the question whether a given title is a good title or not is a question of opinion merely; but a direct representa-tion made by one man to another that he has a fee title to certain described real estate cannot be considered as neces-sarily a mere legal opinion. The circumstances may show, perhaps, that it was a mere opinion as to the validity of a certain title, and was so understood by the parties, in which case, of course, fraud cannot be predicated upon it; but, on the other hand, the circumstances under which it was given may demonstrate that it was intended and understood as a representation of a fact, and, if such is the case, and it was relied upon to the damage of the other party, it becomes an actionable fraud. 1 Bigelow, Frauds, 527, and cases cited in note; *Ballou v. Lucas,* 59 Iowa, 22, 12 N. W. 745. See,

also, *Reuter v. Lawe,* 86 Wis. 106, 56 N. W. 472. The allegations of the answer and counterclaim here are amply sufficient to charge a false and fraudulent representation as to the fact of title, and they are certainly as definite and specific upon that subject as they could well be made.

2. It is claimed that the defendant must offer to return the logs received before it can defend on the ground of fraud or recover damages on account of the fraud. It is well understood that there can be no rescission of a contract at law without a return or an offer to return the property received under it, but the rule does not go to the absurd length contended for here. If A. steals B.'s property, and sells it to C., and C. is compelled to pay B. for it, must he return it to A., or be compelled to pay A. also? The question answers itself, and seems to afford also a very satisfactory answer to this contention.

3. It is contended that, if the defendant be allowed to prove the defense alleged, the rule forbidding the reception of parol testimony to alter or modify a written contract would be violated. This is untenable. It is always competent to show by parol that a given contract was entered into relying upon fraudulent representations; and, when a written contract does not contain the entire agreement between the parties, it is competent to show by parol or by other writings executed at the same time what the balance of the agreement or transaction was. There are no invasions of the well-understood rule above cited, and under them it is evident that it was entirely competent for the defendant to show the alleged fraudulent representations, as well as to show that the deed of the eighty acres of land given by plaintiffs to the defendant was in fact a mortgage for the loan of $300; in fact, to show the entire transaction of which it appears that the contract sued upon was only a part, but not, of course, to contradict or vary by parol any of the agreements contained in the written contract.

*By the Court.*—Judgment reversed, and action remanded for a new trial.