STEELE *v.* BANNINGA.

1. TRIAL—REPETITION—ORDER OF EVIDENCE DISCRETIONARY.
   It is within the discretion of the trial court to permit repetition and evidence out of order.

2. FRAUD—ACTION BASED ON STATEMENTS MADE RATHER THAN ON THOSE NOT MADE—APPEAL AND ERROR.
   In an action by the purchasers of land against their agent for fraud and deceit in misrepresenting to them the ownership of said land, plaintiff's case depended upon what defendant said and not upon what he did not say, and therefore plaintiffs' testimony that, had defendant told them that one other than their grantor claimed to have a deed to the land they would not have bought, was

On misrepresentation as regards validity of conveyance or transfer of property as fraud, see note in 9 A. L. R. 1051.

On question as to whether fraud may be predicated of misstatement as to title to real property, see notes in 28 L. R. A. (N. S.) 202; 39 L. R. A. (N. S.) 1140.

erroneously admitted, but, in view of the fact that one of the plaintiffs had previously testified that he knew of said fact and had so informed defendant, said error was not reversible.

3. SAME—CAVEAT EMPTOR NOT APPLICABLE IN FRAUD ACTION.
   The rule of *caveat emptor* is not applicable in an action for fraud and deceit in misrepresenting the title to land, since the defrauded party is under no obligation, at his peril, to discover the fraud.

4. SAME—ACCEPTANCE OF QUITCLAIM DEED NO DEFENSE.
   That plaintiffs accepted a quitclaim deed and therefore took only such title as their grantor had, *held*, no defense to said action.

5. SAME—CONSTRUCTIVE NOTICE OF RIGHTS OF ANOTHER NO DE-FENSE.
   That a third party was in possession of the premises conveyed to plaintiffs, and therefore they had constructive notice of his rights, although preventing them from being *bona fide* purchasers as to him, *held*, no defense to said action.

6. SAME — EVIDENCE — INTENT—TESTIMONY AS TO INTENT ADMISSIBLE.
   On the issues of defendant's knowledge of the falsity of the representations made by him and of his intent to deceive and defraud plaintiffs, the defendant was entitled to testify as to whether he had knowingly misrepresented or concealed anything pertaining to the title, and the exclusion of such testimony was error, since if defendant was only mistaken in what he said about the title and had no intent to deceive and defraud plaintiffs, he is not liable.

7. SAME — TRIAL — INSTRUCTIONS — OMISSION OF GOOD FAITH IN FINAL SUMMING UP REVERSIBLE ERROR.
   Even if, in the general charge, the trial court properly instructed the jury as to the necessity of finding defendant guilty of a fraudulent intent before he should be held liable, where later, in summing up, the good faith of defendant, which was the sole defense, was left out of consideration, said omission was reversible error.

8. SAME—DAMAGES—EVIDENCE—MITIGATION OF DAMAGES.
   In said action the trial court properly rejected evidence of rents and profits received from the premises by plain-

tiffs; defendant not being entitled to mitigation of damages by reason thereof.

9. SAME—EVIDENCE—ADMISSIBILITY.
   In said action plaintiffs had a right to testify that they relied upon the representations.

10. SAME—CONFLICTING EVIDENCE PRESENTED QUESTION FOR JURY.
    The evidence presenting issues of fact, the trial court was not in error in denying defendant's motion for a directed verdict.

11. SAME—FALSE OPINION NOT DISTINGUISHABLE FROM FRAUDULENT REPRESENTATION.
    If defendant, for the purpose of deceiving the plaintiffs as to the title, gave them an opinion he knew to be untrue, and they relied thereon, he may not escape liability on the ground that he merely gave an opinion, for in such event it was not an opinion distinguishable from a false representation.

12. SAME—NOT NECESSARY THAT PLAINTIFFS RELIED SOLELY UPON DEFENDANT'S FALSE REPRESENTATIONS.
    That plaintiffs did not rely solely upon the representations of title made to them by defendant would be no defense; it being sufficient if they were the moving and procuring reason for plaintiffs' purchase.

Error to Muskegon; Vanderwerp (John), J. Submitted October 17, 1923. (Docket No. 149.) Decided December 19, 1923. Rehearing denied February 1, 1924.

Case by Frank M. Steele and another against John H. Banninga for fraud in the sale of real estate. Judgment for plaintiffs. Defendant brings error. Reversed.

*John M. Dunham,* for appellant.

*F. E. Wetmore,* for appellees.

WIEST, C. J. This is an action for fraud and deceit, based on the claim that defendant falsely and

fraudulently represented to plaintiffs that Mrs. Orla Swanson was the owner of certain premises in the city of Muskegon, and Sidney L. Stamp had no rights therein, and they relied thereon and purchased the premises from Mrs. Swanson and paid her therefor, when in truth and fact Mrs. Swanson had no title and Sidney L. Stamp was owner thereof. An examination of the opinions in *Re Keene's Estate*, 189 Mich. 97 (Ann. Cas. 1918E, 367) ; 202 Mich. 646; *Stamp* v. *Steele*, 209 Mich. 205; *Stamp* v. *Banninga*, 221 Mich. 268, will materially help to a full understanding of some of the issues in this case.

Defendant was employed by plaintiffs to communicate with Mrs. Swanson, who lived out of the State, and ascertain the price she wanted for the premises. During the course of the negotiations plaintiffs found Stamp in possession of the premises and asserting ownership, and they went to defendant and claim he assured them that Stamp had no rights and he would see that he was put out. Plaintiffs paid defendant $200 for his services, and also employed attorneys to procure and examine an abstract of title to the premises. Plaintiffs had judgment and the case is here by writ of error.

The premises formerly belonged to Alice Keene, Stamp's sister, and at her death were inventoried and appraised as a part of her estate, and sold to Mrs. Swanson by defendant, who was executor of the estate, the sale being made under order of the probate court and the proceeds accounted for by the executor. For some time after the sale by the executor Stamp made no claim to own the premises by virtue of any writing, but later he stated to defendant that he owned the premises and had papers to show it. Defendant denied Stamp's ownership and asked to see the papers under which he claimed, but was not shown any. Some time after plaintiffs purchased

the premises, Stamp brought an action of ejectment against them, lost his case in the circuit, removed it to this court where the judgment of the circuit was reversed and a new trial granted and, upon the second trial in the circuit, Stamp recovered the premises.

It seems Mrs. Keene wrote out, on a piece of paper torn from the leaf of a book, what this court decided was a deed to Stamp. Stamp never showed this deed to defendant or to plaintiffs until the trial of the ejectment case, and his participation in the administration of his sister's estate, his silence until long after the sale of the premises under the order of the probate court, and his refusal to let defendant later see the paper, all tended to show that defendant had no good reason to believe Stamp when he claimed title. Of the errors assigned, two possess merit.

Plaintiff Heethius was asked by his counsel:

"*Q.* Mr. Heethius, if Mr. Banninga had communicated to you the fact that Mr. Stamp claimed to have a deed or a paper giving him the right to that property down there on Webster avenue, would you have bought it?

"*A.* I would not; I would object to it."

This was objected to as having been covered and as improper rebuttal. Neither reason was any good. It was within the discretion of the court to permit repetition and evidence out of order. But had the proper objection been made it would not have been reversible error, although improper, to attempt proof of reliance upon the representations in that way. Plaintiffs claimed fraudulent representations by defendant, on which they relied to their damage, and this necessarily depended upon what defendant said and not upon what he did not say. But we do not see how defendant was harmed thereby. The witness before that had testified:

"*Q.* Did he (Banninga) tell you that Mr. Stamp claimed to own that property?

"*A.* I told him, if I remember right, that Mr. Stamp claimed he owned it and had a paper to that effect."

It seems to us that, if he would not have bought the property if defendant had communicated to him the fact that Mr. Stamp claimed to have a paper giving him the right to the property, and yet during the course of the negotiations he informed defendant of that very fact, it must have hurt plaintiffs' case more than defendant's, unless it went over the heads of the jury or was not called to their attention in argument. It probably will not happen again.

We are asked to apply the rule of *caveat emptor* to plaintiffs in making the purchase with knowledge that Stamp was in possession and claiming ownership. In *Yanelli* v. *Littlejohn*, 172 Mich. 91, this court said:

"A defrauded party does not owe to the party who defrauds him an obligation to use diligence to discover the fraud. * * * The question is not, Was he warned? but, Was he deceived and defrauded by the defendant?"

See cases there cited.

It is claimed there was no reliance by plaintiffs upon the representations. This touches the investigation of the record title by way of an abstract and advice of attorneys. The record did not disclose Stamp's claim.

In the *Yanelli Case, supra,* an attorney was employed by plaintiff to investigate and warned plaintiff against the representations, and the court said:

"Had his attorney advised him to purchase the land, and had he relied upon such advice, then the defendant would not have been liable; but the fact that Barassa advised him not to purchase, and that he did not follow the advice, might be urged as evidence of the strength of the representations claimed to have been made by the defendant."

See, also, *Smith* v. *Werkheiser*, 152 Mich. 177 (15

L. R. A. [N. S.] 1092, 125 Am. St. Rep. 406) ; *Kefuss v. Whitely,* 220 Mich. 67.

Plaintiffs were given a quitclaim deed by Mrs. Swanson, and it is claimed:

"The grantee under a quitclaim deed acquires only such title as his grantor has, and takes it charged with notice of any outstanding equities."

Accepting this as good law we fail to see the application. We are also asked to hold plaintiffs charged with notice of outstanding titles and unrecorded deeds and,—

"Being so charged with such notice, they cannot be heard to say that they were ignorant of any defects in the grantor's title, and so are precluded from predicating fraud upon something they knew."

We cannot so hold. The fact a quitclaim deed was given is of no consequence. The law fixes liability for fraud and deceit practiced and the form of conveyance employed neither aggravates nor condones the fraud. *Ballou* v. *Lucas,* 59 Iowa, 22 (12 N. W. 745) ; *Atwood* v. *Chapman,* 68 Me. 38 (28 Am. Rep. 5).

Constructive notice of Stamp's rights, he being in possession of the premises, prevented plaintiffs from being *bona fide* purchasers as to Stamp, but constitutes no defense to this action.

Plaintiffs also claim defendant represented to them that the quitclaim deed was as good as a warranty deed because they had the executor's deed from him to back it up. This involved a legal question and not one of fact, and is of no importance for, if Mrs. Swanson had owned the premises, the quitclaim deed would have conveyed title. This brings us to the issues of knowledge by defendant of falsity of the representations and of his intent to deceive and defraud plaintiffs.

The court was in error in not permitting Mr. Banninga to answer the question:

"*Q.* I will ask you, Mr. Banninga, if you knowingly misrepresented or concealed anything pertaining to the title?"

The animus of Mr. Banninga being in issue he had a right to answer the question.

Defendant was not plaintiffs' grantor; he was their agent in negotiating the purchase. As such agent defendant obligated himself to act without fraud or deceit. If defendant was only mistaken in what he said about the title and Stamp's rights and did not make the representations for the purpose of deceiving and defrauding plaintiffs then he is not liable to respond in damages for fraud and deceit. As plaintiffs' agent and not being a party to the sale by Mrs. Swanson and the purchase by plaintiffs, defendant could not be held liable for fraud and deceit unless the representations were made by him with intent to deceive and defraud plaintiffs. *Williamson* v. *Hannan,* 200 Mich. 658. The facts and the relation of the parties bring this case within the rule requiring knowledge of falsity and intent to deceive and defraud.

Defendant requested the court to instruct the jury:

"If you should find that Mr. Banninga actually represented this title as perfect, plaintiff cannot recover, unless you also find that Mr. Banninga also knew that there was an actual defect in the title and concealed it, thereby actually and knowingly misrepresented it. Unless you so find, defendant is entitled to your verdict."

The court charged the jury:

"If you find that the defendant was guilty of fraud, that is, that he made false representations, knowing that they were false, or made false representations without such knowledge, but recklessly and with a disregard as to their truth, and the plaintiffs relied

thereon and thereby were induced to purchase this property, then your verdict must be for the plaintiffs."

If it can be said that the charge, as given, covered the requested instruction, the very heart of it was cut out later in the charge in summing up what was necessary for the jury to find to render a verdict for plaintiffs. The court said:

"If you find by a preponderance of the evidence that the representations were made by the defendant to plaintiffs and that the plaintiffs relied thereon in purchasing the property and were deceived thereby, then your verdict should be for the plaintiffs in this case."

This was the last utterance of the court upon the subject and left out of consideration the good faith of defendant.

We do not hold it was necessary for the court to repeat a subject once covered in the charge, but we do hold that, having covered the issues, the court, in summing up later the essential elements, must not leave out the sole defense. Defendant was entitled to have the request given and kept in view of the jury throughout the whole charge. Under the circumstances disclosed in this case, if defendant expressed to plaintiffs his honest opinion, and they relied upon it, there was no such fraud and deceit as would hold defendant liable to respond in damages. Defendant's motive was the nub of the whole case. If he was mistaken in his opinion, but believed he was right, then there was no culpability on his part. Plaintiffs have not sued him for expressing a mistaken opinion, but for an opinion which he knew was false and uttered for the purpose of deceiving them.

The court was right in rejecting evidence of rents and profits received from the premises by plaintiffs. Defendant had no right, if, by his fraud and deceit, he caused plaintiffs to lose what they had paid for the premises, to have the rents and profits received go in mitigation of his liability.

Plaintiffs had a right to testify they relied upon the representations.

The court was not in error in denying defendant's motion to direct a verdict. The evidence presented issues of fact.

The dividing line between a false representation and a mere opinion is not well marked, and cannot be marked in the abstract, as it must necessarily depend upon the facts in a case. If defendant, for the purpose of deceiving the plaintiffs as to the title, gave them an opinion he knew to be untrue, and they relied thereon, then he cannot escape liability for, in such event, it was not an opinion distinguishable from a false representation. The fact that plaintiffs had some information and sought more from sources other than defendant would not release defendant from false and fraudulent misrepresentations if plaintiffs relied thereon, in whole or in part, in making the purchase. It was not necessary for the jury to find that plaintiffs relied solely upon the representations of title made to them by defendant. If the representations made by defendant were the moving and procuring reason for plaintiffs' purchase, defendant cannot be heard to say that, if they had not believed him but had used diligence to verify what he had said, they would have discovered reasons for not purchasing. If plaintiffs knew Stamp was in possession, claiming ownership, and failed to find out from Stamp the nature and extent of his claim, but instead went to defendant and relied upon what he said, and defendant was dishonest and intentionally deceived them, then defendant is liable, even if the truth lay elsewhere and plaintiffs might have found it out had they looked beyond defendant in their search for it.

For the errors pointed out the judgment is reversed and a new trial granted, with costs to defendant.

FELLOWS, McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.