LEWIS v. PECK.

VENDOR AND PURCHASER—FRAUD—RESCISSION.
  Purchaser of bowling alley, who relied on vendor's false repre-
  sentations as to income therefrom, is entitled to rescind con-
  tract, notwithstanding purchaser made other investigation.

Appeal from Wayne; Shepherd (Frank), J., pre-
siding. Submitted June 3, 1930. (Docket No. 11,
Calendar No. 34,935.) Decided October 3, 1930.

Bill by Melvin T. Lewis and another against
Hiram A. Peck for rescission of a land contract and
cancellation of a deed. From decree for plaintiffs,
defendant appeals. Affirmed.

*William H. Kaplan,* for plaintiffs.

*Lucking, Van Auken & Sprague,* for defendant.

WIEST, C. J. Defendant owned the equipment and
operated a bowling alley upon leased premises in the
city of Detroit. The receipts did not meet expenses
and he wanted to sell, and, through two real estate
brokers acting in concert, found plaintiffs. Negotia-
tions led to the purchase by plaintiffs at the price of
$16,500. Mrs. Lewis deeded her home to defendant,
and plaintiffs were credited with $7,500, upon the
purchase price. The deal was consummated Janu-
ary 17, 1929, and plaintiffs took possession at once,
and operated the place for 16 days, with gross re-
ceipts amounting to $307.05, and ordinary operating
expenses of $549. Thereupon plaintiffs tendered the

On the general rule as to right to rely on representations in
case of sale of real property, see annotation in 37 L. R. A. 593.

key to defendant, left the business, and filed the bill herein to have rescission with restoration of Mrs. Lewis' home, alleging that false and fraudulent representations induced them to purchase. Defendant appealed from a decree adjudging him guilty of fraud, and granting plaintiffs rescission with return of Mrs. Lewis' home.

The record has been read with care, and we agree with the conclusion of the circuit judge.

The bowling alley was an expense to defendant and he wanted to get rid of it. The rent was in default. Mr. Lewis endeavored to ascertain from defendant the facts about the business, and was led to believe, by statements of defendant, that the business was at least self-sustaining. This was untrue. The 16 days plaintiffs had charge were in the height of the bowling season, and the old employees remained in charge and the receipts met about one-half of the costs of operation. Defendant knew the facts about the business, and when Mr. Lewis asked for information it was defendant's duty to disclose the true facts. This he did not do, but, on the contrary, by statements and suppression of essential facts, led Mr. Lewis into a false belief about the business. If the truth had been disclosed, there would have been no purchase by plaintiffs.

Counsel for defendant contend that the parties dealt at arm's length, and Mr. Lewis made such investigation as he saw fit and cannot now be heard to say that he relied upon what defendant said.

In *Steele* v. *Banninga,* 225 Mich. 547, we said:

"The fact that plaintiffs had some information and sought more from sources other than defendant would not release defendant from false and fraudulent misrepresentations if plaintiffs relied thereon, in whole or in part, in making the purchase. It was not necessary for the jury to find that plaintiffs re-

lied solely upon the representations of title made to them by defendant. If the representations made by defendant were the moving and procuring reason for plaintiffs' purchase, defendant cannot be heard to say that, if they had not believed him but had used diligence to verify what he had said, they would have discovered reasons for not purchasing.''

This applies to the case at bar.

The decree is affirmed, with costs to plaintiffs.

BUTZEL, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.