WARREN v. HUGO SCHERER ESTATE, INC.

VENDOR AND PURCHASER—FRAUD—RESCISSION—LIMITATION OF AC-
TIONS.

Claim of fraud advanced in suit to rescind land contracts for
purchase of subdivision lots when pressed for payments seven
years after execution of contracts *held*, too stale to justify
rescission, such remedy not being available in avoidance of the
statute of limitations (3 Comp. Laws 1929, § 13976).

POTTER, C. J., and NELSON SHARPE and EDWARD M. SHARPE, JJ.,
dissenting.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted April 9, 1935. (Docket No. 92, Calendar
No. 38,367.) Decided June 3, 1935. Rehearing de-
nied September 10, 1935.

Bill by Benjamin H. Warren against Hugo Scherer
Estate, Inc., a Michigan corporation, for the cancella-
tion of land contracts and for a money decree. De-
cree for plaintiff. Defendant appeals. Reversed
and bill dismissed.

*Duane H. Mosier*, for plaintiff.

*Warren, Hill, Hamblen, Essery & Lewis (William
H. Granse* and *William H. Gall*, of counsel), for de-
fendant.

WIEST, J. I cannot concur in the opinion of Mr.
Justice EDWARD M. SHARPE.

Plaintiff's claim of fraud is too stale to justify
rescission. Rescission is not a remedy available in
avoidance of the statute of limitations.[*]

* See 3 Comp. Laws 1929, § 13976.—REPORTER.

The decree is reversed and the bill dismissed, with costs to defendant.

NORTH, FEAD, BUTZEL, and BUSHNELL, JJ., concurred with WIEST, J.

EDWARD M. SHARPE, J. (*dissenting*).    This is an action brought by plaintiff as vendee against defendant as vendor for the rescission of three land contracts.    During the month of May, 1926, plaintiff, a physician of Grosse Pointe, Michigan, purchased through Esther Double, an employee of Houseman-Spitzley Corporation, selling agents for the defendant, three lots on land contracts dated May 20, 1926, for the sum of $2,000 per lot upon which the sum of $3,397.03 was paid prior to the commencement of this action.    In June, 1933, plaintiff, being pressed by the defendant for further payments on the contracts, consulted his attorney, and then made his first visit to the subdivision since May, 1926, although he lived not more than 25 miles away.

The plaintiff in his bill in effect bases his right of rescission on the following grounds, namely:

1.    That it was misrepresented to him that the lot at the southeast corner of Fort street and Northline road, this being the northwest corner of the subdivision, had been sold to a bank and that a bank was to be built on that corner;

2.    That he desired to purchase three lots on Fort street adjoining the above mentioned corner lot and understood he had done so, but that the contracts covered three lots approximately a block south of the corner lot;

3.    That it was misrepresented to him that a contract had been let to a general contractor for the immediate construction of 50 residences in the subdivision and that fifty residences would be built in the subdivision.

The trial court found that plaintiff had proven all of the above allegations and we find that there is ample evidence to sustain the court's finding; but conceding these facts proven, the real question that presents itself to us is the right to rescission as claimed by plaintiff.

The statements made by defendant's sales representatives that a bank was to be built on the main corner of the subdivision and that 50 homes were going to be built on the subdivision were not representations of existing facts, but were promises made to induce plaintiff to purchase.

In the case of *Burlingame* v. *B. E. Taylor Realty Co.*, 247 Mich. 109, the alleged representations were that a road would be widened and made into a cement boulevard during the following summer; that water and sewer systems would be installed by the city. The court said that these representations did not concern existing facts, but were an expression of opinion as to what would be done in the future, and, there being no proof that such representations were made untruthfully or for a dishonest purpose, they may not be made the basis of fraud.

While the remedy of rescission is a harsh one and cannot be invoked merely for the purpose of escaping what subsequently develops to have been a bad bargain (see *Vincent* v. *McIntyre*, 244 Mich. 112; *Lapicki* v. *Jones*, 258 Mich. 126; *Berg* v. *Hessey*, 268 Mich. 599), yet we find in the instant case that the description of the lots in the land contracts do not coincide with that of the property which plaintiff was shown by defendant's agents. Plaintiff agreed to pay $6,000 for three lots which he was told and had reason to believe were located next to the corner where a bank was to be erected. He viewed no other lots. The lots actually sold to plaintiff were approxi-

mately 400 feet from the lots he thought he was pur-
chasing. They did not have the business investment
value as if they were adjoining the corner lot.

The general rule is that false representations as
to the situation of land may constitute fraud which
will sustain an action of deceit, or for rescinding the
contract of sale, provided they are of such a charac-
ter and are made in such a way that the vendee has a
right to rely on them. Representations made by one
who claims personal knowledge and is seeking to sell
or exchange, cannot be considered mere matters of
opinion. 12 R. C. L. p. 275.

In *Gower* v. *Wieser,* 269 Mich. 6, the plaintiff filed
a bill in equity to rescind certain land transactions
with defendant on the ground of fraud; we held that
the principal who keeps the benefits of transactions
induced by his agent's fraudulent misrepresentation
and promises is liable in an action at law for fraud
and deceit or for rescission of contract.

"A defrauded party does not owe to the party who
defrauds him an obligation to use diligence to dis-
cover the fraud. * * * The question is not, was he
warned? but was he deceived and defrauded by the
defendant?" *Yanelli* v. *Littlejohn,* 172 Mich. 91, 104.

See, also, *Steele* v. *Banninga,* 225 Mich. 547.

The representation made as to the location of the
lots was material, it was relied upon by plaintiff and
was in part the moving cause of the purchase; and
defendant having received the benefit of its agents'
misrepresentation now has the obligation of rectify-
ing the fraud.

The decree of the lower court should be affirmed,
with costs to plaintiff.

Potter, C. J., and Nelson Sharpe, J., concurred
with Edward M. Sharpe, J.