*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

KEVIN GARY,

      Plaintiff-Appellant,

v

FARMERS INSURANCE EXCHANGE,

      Defendant-Appellee,

and

MEIASIA NORTON,

      Defendant.

FOR PUBLICATION
September 7, 2023

No. 361880
Wayne Circuit Court
LC No. 19-017342-NI

Before: HOOD, P.J., and SHAPIRO and YATES, JJ.

SHAPIRO, J. (*concurring*).

I fully concur with the majority opinion. I write separately to express my disagreement with this Court's holding in *Bakeman v Citizens Ins Co of the Midwest*, ___ Mich App ___; ___ NW2d ___ (2022) (Docket No. 357195), that a "fraudulent insurance act" may be committed under MCL 500.3173a even when the actor did not have fraudulent intent.

MCL 500.3173a(4) provides in relevant part:

> (4) A person who presents or causes to be presented an oral or written statement, including computer-generated information, as part of or in support of a claim to the [MAIPF], or to an insurer to which the claim is assigned under the assigned claims plan, for payment or another benefit *knowing that the statement contains false information concerning a fact or thing material to the claim commits a fraudulent insurance act under* [MCL 500.4503] that is subject to the penalties imposed under [MCL 500.4511]. [MCL 500.3173a(4) (emphasis added).]

*Bakeman* concluded that no fraudulent intent is required to commit a "fraudulent insurance act" under this statute because MCL 500.3173a sets forth a scienter requirement reading "knowledge that the statement contains false information concerning a fact or thing material to the claim." *Bakeman*, ___ Mich App at ___; slip op at 4 (quotation marks omitted). However, this wholly ignores the statute's aforementioned reference to MCL 500.4503.

"Statutes that address the same subject or share a common purpose are *in pari materia* and must be read together as a whole." *People v Anderson*, 330 Mich App 189, 197; 946 NW2d 825 (2019) (quotation marks and citation omitted). "Such statutes must be read together as constituting one law, even if they contain no reference to one another and were enacted on different dates." *Crawford Co v Secretary of State*, 160 Mich App 88, 95; 408 NW2d 112 (1987). MCL 500.3173a expressly refers to MCL 500.4503, leaving no question that the statutes must be construed together.

MCL 500.4503 provides that "[a] fraudulent insurance act includes, but is not limited to, acts or omissions committed by any person who knowingly, and with an intent to injure, defraud, or deceive" engages in the listed acts, including:

> (c) Presents or causes to be presented to or by any insurer, any oral or written statement including computer-generated information as part of, or in support of, a claim for payment or other benefit pursuant to an insurance policy, knowing that the statement contains false information concerning any fact or thing material to the claim. [MCL 500.4503(c).]

In my view, the phrase "but is not limited to" was meant to establish that the listed acts in MCL 500.4503 are not the exclusive means by which someone may commit a "fraudulent insurance act." However, MCL 500.4503 makes clear that whatever the act or omission giving rise to the claim of fraud, it must be accompanied by "an intent to injure, defraud, or deceive." Further, it borders on the absurd to conclude the Legislature intended that a *fraudulent* insurance act could be committed without a showing of fraudulent intent. See *Dep't of Transp v Riverview-Trenton R Co*, 332 Mich App 574, 609; 958 NW2d 246 (2020) ("[T]his Court must . . . avoid interpreting such language in an absurd or illogical way."). See also *People v Zitka*, 325 Mich App 38, 49; 922 NW2d 696 (2018) ("Statutory language should be construed reasonably, keeping in mind the purpose of the act."). There is no indication that the Legislature intended to deviate from the fundamental common-law rule that fraud requires an intent to defraud. See e.g., *Steele v Banninga*, 225 Mich 547, 554; 196 NW 404 (1923) ("[D]efendant could not be held liable for fraud and deceit unless the representations were made by him with intent to deceive and defraud plaintiffs."). Significantly, the insurer does not identify—and I cannot discern—a possible or plausible reason for *why* the Legislature would have excluded the scienter requirement only for false statements made in support of a claim to the MAIPF.

For these reasons, I would conclude that the scienter requirement provided in MCL 500.4503 applies to MCL 500.3173a(4). That said, because I agree with the majority that there is a question of fact whether plaintiff knowingly made a false statement material to his claim, the issue of fraudulent intent is not outcome determinative in this case. Accordingly, a conflict panel would not be warranted. See MCR 7.215(3)(a) ("Special panels may be convened to consider outcome-determinative questions only."). However, I would support a request for a conflict panel

in a future, appropriate case. I also believe that the Supreme Court should address the proper interpretation of MCL 500.3173a in an appropriate case.

/s/ Douglas B. Shapiro