EDWARD BURRALL, Complainant, Appellant,

*vs.*

CYRUS EAMES, Defendant, Appellee.

APPEAL IN EQUITY FROM ROCK CIRCUIT COURT.

A bill for specific performance of a contract for the sale and conveyance of land may be filed in the county where the land is situated, though the defendant may reside in another county in the state.

When no rule of practice is prescribed by rule of court or by statute, the rules of practice of the High Court of Chancery of England will govern, so far as they are applicable to our system.

As a general rule, the suit should be instituted in the county where the subject matter is situated, or some of the parties reside.

A suit for specific performance is of a two-fold character, partly *in personam* and partly *in rem ;* the court may enforce the contract, either operating on the person to compel a conveyance, or may pass the title to the land by decree.

If, in a suit for specific performance, the defendant is a · non-resident, the proper county in which to file the bill, is the county in which the land is situated.

BILL for specific performance, commenced in the Rock Circuit Court by the appellant against the appellee, to compel the specific performance of a contract for the sale and conveyance of land situated in the county of Rock, in this state. The defendant, appellee, at the time the suit was commenced, resided in Brown county, in this state. The subpœna was issued to the sheriff of said last-mentioned county, who served the same in the usual manner upon the defendant, at his residence in Brown county, and returned the writ in due form, according to the fact.

The defendant appeared and pleaded to the jurisdiction of the Circuit Court of Rock county, on the ground, as alleged in his plea, that he was, at the time of the commencement of the suit, a resident of Brown county, and that the suit should have been commenced in said county, and that the Circuit Court of Rock county had no power to send its subpœna in equity to the county of Brown, for service upon the defendant, residing there at the commencement of the suit.

The plea was sustained by the court below, and the complainant appealed.

*M. H. Carpenter* and — *Whitton*, for the appellant.

The provisions of the statute (*chap.* 90, § 3), that " no person shall be sued in the Circuit or County Court in any other county than the one in which he resides, or in which he may be found," refers to personal actions only, as the title of the chapter indicates, commenced by summons, capias or the filing of declaration, &c., and has no relation to proceedings by attachment, scire facias, replevin, condemning land to public uses, &c., &c.   *R. S. ch.* 90, §§ 1, 3, *et seq.*

The practice pursued in this case by the appellant is authorized by section 14, of chap. 84, of the Revised Statutes, which provides that " all process may be directed to the sheriff or other proper officer of *any county in this state*, and shall be by him executed and returned to the court from whence it issued."   It was not necessary to resort to the farce of making a nominal defendant in Rock county to give the court jurisdiction.

The appellant's counsel also cited and commented upon Revised Statutes, chap. 83, sec. 6; and upon Art. 7, sec. 8, Constitution of Wisconsin, and insisted that suits of foreclosure, for specific performance and the like, should be commenced in the county where the property which is to be affected by them is situated.

*S. J. Todd*, for the appellee.

This suit is not a proceeding *in rem*, and any court having jurisdiction, could decree specific performance of the contract. Courts of chancery have always entertained jurisdiction in like cases, even though the land were situated in another state.   7 *Paige*, 402 ; 9 *id.* 280 ; *Story's Eq. Juris.* §§ 743, 744.

The Circuit Court of Brown county had jurisdiction of the subject matter, and could pass the title to the land by its decree, and put the complainant in possession.   *Const. Wis. art.* 7, § 8 ; *Rev. Stat. ch.* 84, § 39.

Section 3, chapter 90, of the Revised Statutes, applies as well

to proceedings in chancery as to suits at law, as is manifest from the provisions of section 14, of chapter 84, which authorizes the commencement of suits in any county where either defendant resides, and the issuing of process to any other county to be served on the other defendants, in case where the defendants reside in different counties.

*By the Court*, SMITH, J.  This was a suit commenced in the Circuit Court of Rock county, to compel the specific performance of a contract for the sale and conveyance of certain lands situated in said county.  The defendant, at the time the bill was filed, resided in Brown county in this state.  The subpœna issued in the cause was sent to the sheriff of Brown county, who served the same in the usual manner on the defendant at his residence.  A plea to the jurisdiction was thereupon interposed by the defendant, alleging that the suit should have been commenced in Brown county, and that the Circuit Court of Rock county had no power to send a subpœna to Brown county for service on the defendant residing there.  The plea was sustained by the court below, and the complainant appealed.

The only question presented by the record in this case is, whether the bill should have been filed in the county where the land is situated, or in the county where the defendant resides. It is believed that we can be but little aided by authority in deciding this question, but will have to rely upon general principles, and our particular statutes, so far as they bear upon the case.  Where no rule of court or statute is provided to regulate our practice, it is governed by the rules of the High Court of Chancery in England.  There the process runs throughout the realm, and the bill is filed with the register.  In New York, if the suit is commenced before the chancellor, the bill is filed with the register or assistant register; if before the vice-chancellor, the bill is filed with the clerk of that circuit, without any reference to the county in which the defendant resides.

In this state the statute provides that all process may be di-

rected to the proper officer of any county in the state, and shall by him be executed and returned to the court from whence it issued, and if there be more than one defendant, the suit may be instituted in the county in which either of the defendants resides. *R. S. ch.* 84, § 14. This latter clause can hardly be considered as a restriction upon the general jurisdiction of the Circuit Court in equity.

As a general rule the suit should be instituted where the parties, or the subject matter of the suit may be situated.

A suit for specific performance, like that of foreclosure, is of a two-fold character, partly *in personam* and partly *in rem.* The court may enforce the contract, either by operating upon the person to compel a conveyance, or may pass the title of the land by decree. If the defendant is a non-resident, certainly the proper county in which to file the bill, would be that in which the land is situated; and it would seem that as the sole object of the suit is to subject the specific property to the jurisdiction and control of the court, the county in which it is situated is the proper county in which to commence the suit, although the defendant may reside in another county in the state. There is nothing in the statute which precludes such practice; it is agreeable to the usual practice of courts of equity in other jurisdictions, is the most convenient and safe for all the parties, and ought to be sustained.

We have been referred to section 3 of chapter 90 of the Revised Statutes, which provides, that no person shall be sued in the circuit or county courts, in any other county than the one in which he resides, or in which he may be found; but this refers exclusively to personal actions at law, and has no bearing upon the question before us. As, therefore, without any statute or rule of court, by the common usage of courts of chancery, the bill might be filed in cases of this kind, in the county where the land lay, and as there is no statute or rule of court restricting or forbidding this practice, we are of the opinion that the plea to the jurisdiction was insufficient, and should have been overruled. Certainly personal service upon the defendant, in the state, is

equivalent, at least, to publication of notice, as in case of a non-resident; and no one doubts that in such case the bill could have been filed in Rock county. Does the accident of the defendant's residence in another county of the state, oust the Circuit Court of a jurisdiction which would otherwise be unquestionable? We think not.

The order of the Circuit Court, from which the appeal in this case was taken, is reversed, and the cause remanded for further proceedings according to law.