THE CORNELL UNIVERSITY vs. THE WISCONSIN CENTRAL RAIL-
ROAD COMPANY.

*March 30 — April 20, 1880.*

*Jurisdiction of circuit court in local actions.*

Ejectment having been brought in C. county for lands then situate therein,
the subsequent inclusion of the lands within another county, by act of
the legislature, did not divest the jurisdiction of the circuit court for C.
county, in the absence of any provision in the act upon that subject.
*Shevlin v. Whelen,* 41 Wis., 88, distinguished.

APPEAL from the Circuit Court for *Chippewa* County.

Action to recover possession of a strip 100 feet wide through
certain described tracts of land, and damages for entering and
cutting timber upon the remainder of such tracts. The action
was commenced in the circuit court for Chippewa county,
December 18, 1878, the lands being then situated partly in
Ashland county and partly in Chippewa county. The answer
was served February 6, 1879. By ch. 103, Laws of 1879,
approved February 26, 1879, and published March 3 and 4,
1879, the lands in Chippewa county affected by the action were
set off into the county of Price. The act contains no provision
relative to actions then pending in the courts of Chippewa
county. Defendant moved to dismiss the action upon the
ground that the court had lost jurisdiction thereof; and ap-
pealed from an order denying the motion.

*Edwin H. Abbot,* for the appellant:

1. The action is local, and cannot be tried in any county
except that in which the lands are situated at the time of trial.
Our statute (R. S., sec. 2619) merely reënacts the common law
rule in this respect. *Way v. Dame,* 11 Allen, 357; *Putnam
v. Bond,* 102 Mass., 370; *Loeb v. Mathis,* 37 Ind., 306. And
this doctrine of local actions is fully upheld by this court.
*Atkins v. Fraker,* 32 Wis., 510, 515; *Connors v. Gorey,* id.,
518; *Mathie v. McIntosh,* 40 id., 120; *Bettys v. M. & St. P.*

*R'y Co.*, 37 id., 324. The cases of *Pereles v. Albert*, 12 Wis., 666; *Lane v. Burdick*, 17 id., 92, and *Brockway v. Carter*, 25 id., 510, are not in conflict with this view, and are, moreover, clearly distinguishable from the case at bar. In those cases the original venue was defective, but the failure of the defendant to exercise his statutory privilege of removal was held to be a waiver of the defect, and the jurisdiction was sustained on the ground of his assent thereto. This is but a recognition of an old common-law right of parties to consent together, by leave of court, to try a local action in a county where the lands did not lie. Co. Litt., 125 *b*, 126 *a*, Note 1. In the present case the venue was properly laid, but jurisdiction was subsequently taken away; there is no provision for the removal of the action; and this appellant has waived no right, nor has he, in any way, assented to the attempted jurisdiction of the circuit court for Chippewa county. 2. The Chippewa county circuit court took its original jurisdiction by virtue of the statute fixing the boundaries of that county. R. S., sec. 5, subd. 9. By the alteration of such boundaries and the transfer of the lands in question to another jurisdiction, its power to try this case was taken away. The want of a saving clause in the statute continuing the authority of the circuit court for Chippewa county over suits then pending therein, is fatal to its jurisdiction in actions of this nature. *Insurance Co. v. Ritchie*, 5 Wall., 541; *Shevlin v. Whelen*, 41 Wis., 88; *Dillon v. Linder*, 36 id., 344.

*W. F. Bailey*, for the respondent:

Conceding that, after the passage of ch. 103, Laws of 1879, Chippewa county was not the proper place of trial of this action, yet, as the action was commenced in the proper county, the venue could be changed upon a proper application by the defendant under secs. 2620, 2621, R. S. The question of venue is not jurisdictional. This is evident from the provisions of sec. 2621, R. S., that if the county designated is not the proper county, the place of trial may be changed. *Pereles*

*v. Albert*, 12 Wis., 666.   And it has been so held in New York, where the statute provides that actions affecting real estate *must be tried* in the county where the land is situated, subject to the power of the court to change the place of trial. *Newton v. Bronson*, 13 N. Y., 587; *Marsh v. Lowry*, 26 Barb., 197.

COLE, J.   The motion to dismiss in this case is based upon the ground that the act of the legislature organizing Price county (chapter 103, Laws of 1879) had detached all the lands described in the complaint from Chippewa county, and included them within the territory of Price county.   It is claimed that the necessary effect of this legislation was to deprive the circuit court of Chippewa county of all jurisdiction over this action then pending, and that it should be dismissed for that reason.   The action was undoubtedly local, and could only be commenced in the county in which the lands, or some of them, were situated.  ·Sections 2619–20, R. S.   The action was commenced in the proper county, but, while it was pending, the lands were set off into Price county.

The legislature made no provision in the law organizing Price county for transferring the action to that county; and the question is, Did that act have the effect to destroy the jurisdiction of the circuit court of Chippewa county over the action, which it had properly acquired?   It seems to us no such effect should be given to this act under the circumstances. The learned counsel for the defendant insists, because the action is local in its character, being for the recovery of the possession of real estate, etc., that it could be tried only in the county where the lands or some portion of them were situated at the time of trial.   Did the jurisdiction of the court in such cases depend entirely upon the *locus* of the real estate which was the subject matter of the action, there would be irresistible force in this view of the subject; but it is quite clear that the jurisdiction does not rest on that fact alone; for in respect

to those local actions belonging to either class mentioned in the first subdivision of section 2619, while the statute provides that they must be commenced in the county in which the property or some part thereof is situated, yet the place of trial of such actions may be changed on the written stipulation of the parties or their attorneys, or on motion, when the convenience of witnesses and the ends of justice will be promoted by the change. Sections 2620, 2622. This shows that the power to hear and determine a cause relating to real property — in other words, jurisdiction over such an action — does not depend entirely upon the *locus* of the land which is the subject of the suit, though the general rule doubtless is. that the venue of such actions is determined by the county where the property is situated. But still the statute provides for a change of the place of trial of local actions to a different county, and the court is authorized to issue its writ of possession, and other needful writs, to carry its judgment into effect. Section 2970. This being the case, we are inclined to hold that the act of the legislature setting off the lands in controversy to Price county did not have the effect to take away the jurisdiction of the circuit court of Chippewa county over them, which jurisdiction had already attached by the action which had been properly commenced therein. Had the legislature deemed it necessary, provision would doubtless have been made in the act itself for continuing the jurisdiction of the circuit court of Chippewa county over pending actions relating to real estate which was detached from that county. Certainly there is nothing in the language of the act erecting Price county which would warrant the inference that the legislature intended to take away that jurisdiction, and we are unable to say that the law *proprio vigore* had that effect.

Nor can we perceive that there is anything in the cases of *Ins. Co. v. Ritchie*, 5 Wallace, 541, and *Shevlin v. Whelen*, 41 Wis., 88, in conflict with this view. In the former case, the court held that the jurisdiction of the circuit courts of

the United States in original suits between citizens of the same state in internal revenue cases, which had been conferred by act of congress, was taken away by the repeal of the act giving such jurisdiction. The proposition of law laid down in the cause by the chief justice was, " that, when the jurisdiction of a case depends upon a statute, the repeal of the statute takes away the jurisdiction. And it is equally clear that, where a jurisdiction conferred by statute is prohibited by a subsequent statute, the prohibition is, so far, a repeal of the statute conferring the jurisdiction." In *Shevlin v. Whelen*, a lien was given for services performed in Chippewa county on logs in that county. Before any steps were taken to perfect the lien, and before it had ripened into a vested right, the land on which the logs were cut became a part of Taylor county, to which county the lien statute did not apply. The court held that as the remedy was purely statutory, it could not be enforced in Taylor county. Neither of the above cases seems to have a very direct bearing upon the question before us. Therefore, without further comment on them, we affirm the order in this case.

*By the Court.* — It is so ordered.