(77 App. Div. 464.)

### HALL v. GILMAN et al.

(Supreme Court, Appellate Division, First Department. December 19, 1902.)

1. REAL ACTIONS—VENUE.
    An action to enforce specific performance of an agreement to devise land was properly brought in a county where some of the land was situated, under Code Civ. Proc. § 982, requiring actions to determine claims to real property to be brought in the county where the subject of the action is located, though some of the lands affected by the agreement were situated without the state.

2. PLEADING—DEMURRER—PARTIES.
    Where a complaint did not show that none of the parties resided in the county where the action was brought, the question was not presented by demurrer.

3. VENUE—MIXED ACTION.
    An action to specifically enforce an agreement to devise property situated in different localities, and some in another state, was properly brought where some of the land was situated, under Code Civ. Proc. § 982, requiring actions to determine claims to real property to be brought where the subject of the action, or some part of it, is located, though the action affected personal property in the county where the action was brought, and the complaint did not show that any of the parties resided there; and the venue was not governed by section 984, relating to venue in actions not specified in section 982.

Appeal from trial term, New York county.

Bill by Helen Potts Hall against Theophilus Gilman, Minnie N. Little, and others. From a decree overruling a demurrer to the complaint, defendant Little appeals. Affirmed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and LAUGHLIN, JJ.

John J. Crawford, for appellant.
George C. Lay, for respondent.

LAUGHLIN, J. The appeal in this case is from the same interlocutory judgment as was involved in the appeal by Caroline R. Garczynski in the same action, decided herewith. 79 N. Y. Supp.

303.   The appellant is a grandniece of the deceased, George F. Gilman, and her appeal is upon. the grounds (1) that causes of action have been improperly united, in that a cause of· action against the administrators to recover personal property has been united with a cause of action against the heirs to recover real estate; and (2) that the complaint does not state facts sufficient to constitute a cause of action.

The appellant is an heir at law of the decedent, and the opinion on the other appeal, handed down herewith, is decisive that a cause of action is sufficiently stated against her.

One point not presented on that appeal, or considered in that opinion, is urged by counsel for the appellant here as indicating that causes of action have been improperly united.   It is alleged that the decedent left "a large amount of real and personal property, consisting of houses and land in the city and county of New York, in the state of New York, and in the city and town of Bridgeport, in the state of Connecticut, and elsewhere, and of goods, chattels, and money, and securities for money, in the states of New York and Connecticut, and elsewhere."   The appellant contends that, inasmuch as the action involves both real and personal property, it may require different places of trial, even within the state.   According to the allegations of the complaint, the action will affect the title to real property situated in the county of New York; and therefore, notwithstanding the fact that some real property is situated without the state, the venue is properly laid in New York county.   Code Civ. Proc. § 982.   The action will also affect the title to personal property which it is alleged is situated within the county of New York.   The complaint does not show whether the plaintiff or any of the parties resides in that county. It is claimed by the appellant that under section 984 of the Code of Civil Procedure the cause of action, so far as it affects personalty, must be tried in a county where some of the parties reside, and that, if none of them reside in the county of New York, it cannot be tried there, so far as the personalty is concerned.   If this be so, it does not appear on the face of the complaint that none of the parties reside in the county of New York, and therefore the question is not presented by the demurrer.   Moreover, since the action will affect the title to real property, the provisions of section 982 of the Code require its trial in a county where some part of the real property is situated.   Section 984 relates to other actions than those specifically provided for in sections 982 and 983 of the Code.   This being an action specifically provided for in section 982, it does not fall within the provisions of section 984 at all, even although none of the parties reside in the county where the real property is located.

The other questions presented have been considered in said opinion, which is decisive thereof.

It follows that the interlocutory judgment should be affirmed, with costs, but with leave to the appellant to answer upon payment of the costs of the appeal and of the demurrer.   All concur.