VICENTE BALBÁS PEÑA ET AL., Plaintiffs and Appellees, v.
LUCE & COMPANY, S. en C., Defendant and Appellant.

No. 6648. Argued November 8, 1934.—Decided January 18, 1935.

*Jaime Sifre, Jr.*, and *A. Ortiz Toro*, for appellants. *José A. Poventud*, *Alberto S. Poventud* and *M. León Parra* for appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the Court.

Plaintiffs commenced this action in the District Court of Ponce. They set forth in their complaint two causes of action, one for the recovery of certain real estate in the municipality of Santa Isabel and another for an accounting and for the recovery of fruits and products. Santa Isabel at that time formed a part of the Judicial District of Guayama. Defendant demurred and moved for a change of venue, which was granted. Later, by an Act of the Insular Legislature (Session Laws 1933, 314) Santa Isabel was detached from the Municipal Judicial District of Salinas and annexed to the Municipal Judicial District of Juana Díaz. Thus it became a part of the Judicial District of Ponce. See *Santos* v. *District Court*, 45 P.R.R. 639. Plaintiffs then moved in the District Court of Guayama to have the case sent back to Ponce and obtained an order to that effect.

██ Appellant submits that the District Court of Guayama erred in holding that the case comes within Section 75 of the Code of Civil Procedure, in holding that the venue was in the Judicial District of Ponce and in ordering a transfer of the case to that district. Section 75 of the Code of Civil Procedure provides that:

"Actions for the following causes must be tried in the district in which the subject of the action, or some part thereof, is situated, subject to the power of the court to change the place of trial, as provided in this Code:

"1.—For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property."

Section 104 expressly authorizes the joinder of an action for rents and profits and an action for the recovery of real property. Ordinarily, when a plaintiff joins two actions, one local and the other transitory, in a single complaint, the action as a whole, if the question of venue arises, is regarded as transitory. Especially is this true where the transitory cause of action is predominant. It may be true in some cases even where the primary object of the action is the recovery of real property. However this may be, an exception to the general rule must be recognized, we think, where, as in the case at bar, the local cause of action is not only predominant but also fundamentally essential to the transitory cause of action. Here there can be no semblance of a right to recover rents and profits unless the right to recover the land itself be first established. The second cause of action is a mere corollary incident to and contingent upon the first, dependent thereon for its very existence. See *Hernández* v. *Bernardini*, 25 P.R.R. 428. The Hernández case was not reversed as appellant says but clearly distinguished in *Capó* v. *Hartman*, 41 P.R.R. 846. See also *State* v. *Royal Consolidated Mining Co.*, 187 Cal. 343; 67 C. J. 52, Section 65, and cases cited. The district court did not err in holding that the instant case is governed by Section 75 of the Code of Civil Procedure and this disposes of the other points specified in the first assignment so far as developed by appellant in the argument under that assignment.

 Another contention of appellant is that the case, having been transferred to the District Court of Guayama at a time when Santa Isabel formed a part of the Judicial District of Guayama, the subsequent action of the Legislature in annexing Santa Isabel to the Judicial District of Ponce did not divest the Guayama court of its jurisdiction nor justified the Guayama court in sending the case back to Ponce. Appellant relies upon the following cases: *Security Loan Co.* v. *Kauffman*, 108 Cal. 214; *McNew* v. *Williams*, 36 S. W. 687; *Cornell University* v. *The Wisconsin Central Railroad*

*Co.*, 5 N. W. 329; *Milk* v. *Kent*, 60 Ind. 226; *Blake* v. *Freeman*, 13 Me. (1 Shep.) 130, and *Bent* v. *Maxwell Land Grant & Ry. Co.*, 3 N. M. (Johns.) 158, 3 Pac. 721. It may be freely conceded that the act of the Legislature did not deprive the Guayama court of its jurisdiction and that if no motion for a change of venue had been made the case might have been tried in Guayama. Even if we were here confronted with a question of jurisdiction, the question would not be complicated by any constitutional provision. We are dealing however with a question of venue, not a question of jurisdiction. While there may be some authorities, especially among the older cases, tending to support a contrary view, we are persuaded that upon annexation of the Municipality of Santa Isabel to the Judicial District of Ponce that district, by virtue of the express provision contained in Section 75 of the Code of Civil Procedure, became the proper place of trial. See 67 C. J. 150, Section 243 and cases cited. Hence, the District Court of Guayama did not err in granting the motion for a change of venue, unless the conclusion just reached as to the proper place of trial be unsound because of some consideration other than the mere fact of annexation. Section 3 of the law which separated the Municipality of Santa Isabel from the Municipal Judicial District of Juana Díaz conferred upon the Ponce District Court power to hear and determine appeals from the Municipal Court of Juana Díaz in cases "proceeding from Santa Isabel." It further provided that "the cases pending hearing on appeal on the date of the taking effect of this Act shall be transferred to the district court for the judicial district of Ponce." Appellant stresses the fact that the Legislature here provided for a transfer of cases pending in the District Court of Guayama on appeal from the Municipal Court of Salinas and "proceeding from Santa Isabel" but made no similar provision concerning cases of original jurisdiction also pending in the District Court of Guayama. This argument ignores the distinction already indicated between jurisdiction and

venue. The District Court of Guayama had, of course, acquired jurisdiction over all pending cases. If there be any statutory provision providing for a change of venue in cases pending on appeal from a municipal court, it has not been called to our attention. The mere separation of the Municipality of Santa Isabel from the Judicial District of Guayama and the inclusion thereof in the Judicial District of Ponce would not have divested the District Court of Guayama of its jurisdiction over any Santa Isabel cases pending on appeal from the Municipal Court of Salinas. For some reason the Legislature decided that such appeal should be heard and determined by the District Court of Ponce and so provided. As to cases already covered by Section 75 of the Code of Civil Procedure, there was no need for any similar provision in the law of 1933. Whether the Legislature had this in mind or was indifferent to the question of venue in pending cases of original jurisdiction, or overlooked that question entirely, is not important. However this may be, we find no evidence of any intention that cases falling within the scope of Section 75 of the Code of Civil Procedure should not be governed by that Section.

A somewhat more plausible contention is that the change of venue granted by the District Court of Guayama was not authorized by Section 82 nor by Subdivision 1 of Section 83 of the Code of Civil Procedure. It must be conceded that the instant case does not come within the letter of either of these statutory provisions but we think it does come within the spirit of both if construed in connection with Section 75 and should be governed by the general principles underlying both when so construed. Here appellant relies upon: *Buell* v. *Dodge,* 57 Cal. 645; *Remington S. M.* v. *Cole,* 62 Cal. 311; *Dodson* v. *Bunton,* (Tex.) 17 S. W. 507 and 1 Sutherland Code Pleading, Practice and Forms, 592, Section 990. These authorities furnish no satisfactory basis for a reversal of the order now before us. The only change in the status of the case since the date of defendant's motion for a change of

venue was that the case had been transferred to the District Court of Guayama and that the reason for such transfer had been removed by action of the Legislature. If the municipality of Santa Isabel had formed a part of the Judicial District of Ponce at the time of defendan'ts motion, that motion would not have been granted. The Municipality of Santa Isabel did form a part of the Judicial District of Ponce at the time of plaintiff's motion in the District Court of Guayama and Ponce was therefore the proper place of trial. Plaintiffs moved for a retransfer of the cases at their first opportunity and had not waived their right to make this motion. On the contrary, they had commenced their action in the District Court of Ponce and had vigorously opposed defendant's motion for a change of venue. See *Balbás* v. *Luce & Co.*, 45 P.R.R. 297. The commencement of the action in Ponce with full knowledge of the possibility that defendant might demand a change of venue did not, as counsel for appellant now argue, amount to a voluntary submission to the jurisdiction of the District Court of Guayama. In the absence of any such submission or waiver, the District Court of Guayama did not err in considering the case as it stood at the time of plaintiffs' motion, nor in granting that motion.

The order appealed from must be affirmed.