ENGEL, Appellant, vs. VAN DEN BOOGART, Respondent.

*May 4—June 7, 1949.*

82

The cause was submitted for the appellant on the brief of *Bradford, Derber & Gabert* of Appleton, and for the respondent on the brief of *Benton, Bosser, Becker, Parnell & Fulton* of Appleton.

FAIRCHILD, J.   Appellant objects to the evidence on which the case was submitted to the jury on the ground that it was not admissible under the parol-evidence rule.   This is not an attempt to vary the terms of a written contract.   The respondent is attempting to have the contract declared void because of fraud at its inception.   He claims, and the jury has found, that he was induced to sign the contract by appellant's false representation that the contract would only run for ninety days.   The evidence establishes circumstances sustaining the jury's finding.   When it is claimed that a contract was induced by fraud, the parol-evidence rule does not apply, and the fraud may be shown.   2 Jones, Evidence (4th ed.), p. 826, sec. 435; *Jones v. Brandt,* 173 Wis. 539, 181 N. W. 813; *Hurlbert v. T. D. Kellogg L. & M. Co.* 115 Wis. 225, 91 N. W. 673; *Gross v. Drager,* 66 Wis. 150, 28 N. W. 141. Therefore appellant's objection to the testimony was properly overruled.

The jury has found that respondent wanted the contract only for ninety days; that he relied on appellant's statement that the contract was only for that period of time; that in reliance on that representation he signed the contract; that he had a right to rely on those representations; and that he did not by his subsequent acts ratify the contract.   The question is, then, Are the jury findings sustained by the credible evidence?

To constitute a fraud by false representation entitling the respondent to relief, there must have been a false representa-

tion which he believed to be true. It must appear that he relied upon it and was deceived thereby. It must also be shown that the representation was of some matter or thing relating to the contract about which the representation was made so that, if true, it was to the advantage of the party to whom it was made and being false caused him damage and injury. *Byard v. Holmes,* 34 N. J. L. 296; 37 C. J. S., Fraud, p. 215 *et seq.* The circumstances must go beyond merely warranting an assumption of fraud from mere obscurity or apparent error. *Picot v. Bates,* 47 Mo. 390.

Such fraud or false representation may be established by satisfactory proof arising from the circumstances or partly by the circumstances and partly by direct testimony or entirely by direct testimony. *Bryant v. Simoneau,* 51 Ill. 324; *Hartsfield v. Crumpler,* 174 Ark. 1179, 297 S. W. 1012; *Florida East Coast R. Co. v. Thompson,* 93 Fla. 30, 111 So. 525; 37 C. J. S., Fraud, p. 437, sec. 115.

The respondent insists that he never intended to commit the control of his property to appellant for any term exceeding ninety days. There is testimony, which the jury accepted as true, that he exacted a promise to that effect from the appellant. The jury also accepted as true respondent's testimony that he was induced by that promise to sign the contract.

The jury further found that the respondent had a right to rely on appellant's representations that the contract would only run for ninety days. In this regard our inquiry must be directed to what transpired at the time the paper containing the alleged agreement was signed by respondent.

There is a sharp conflict of testimony in regard to the conversation and the circumstances surrounding the signing of the contract. Appellant testified that he read the contract to both respondent and to Mrs. Van Den Boogart; that Mrs. Van Den Boogart read it herself and told respondent, who at least had great difficulty in reading, that it was "okay" for him to sign. This was denied by both respondent and his wife. Respondent testified that he could not read and that neither

appellant nor respondent's wife read the contract to him. It does appear that respondent's school experience ended at the second grade. His wife attended school up to the seventh grade, and she testified that, even if they had read the contract, they would not have understood it. It also appears that directly above where respondent signed the contract was this sentence: "This contract shall remain in force until October 23, 1945." The date was written in longhand. This evidence alone might not have excused respondent from complying with the terms of the contract. But coupled with the claim, found by the jury to be true, of appellant's assurance that it was provided that the relation between the parties would not exist under the contract after ninety days from the signing of the paper, it is sufficient. *Bostwick v. Mutual Life Ins. Co.* 116 Wis. 392, 89 N. W. 538, 92 N. W. 246.

The only remaining question is whether respondent by his subsequent actions ratified the contract. Appellant's claim of ratification rests on the fact that when respondent rented the property in November, 1945, his attorney tendered to appellant a check for one half of the first month's rent. This was in accordance with the provisions of the contract. Manifestly this act was not so unequivocal as to be one from which ratification would be implied as a matter of law. 5 Pomeroy, Eq. Jur. (4th ed.), p. 4758, sec. 2109. The question was properly submitted to the jury. *Zeglin v. Tetzlaff,* 146 Minn. 397, 178 N. W. 954. The jury found that this act did not constitute a ratification of the contract. The evidence warranted a finding that there was no intention to ratify on respondent's part. The circumstances are not sufficient, in view of the jury's finding, to hold that an offer to pay a small sum was a ratification especially when the suggestion was immediately rejected and both parties resumed their original position. Neither party lost or gained any advantage. The acts of respondent with respect to a ratification are too meager to show a fixed determination to accept and be bound by the

fraudulent representation. They are quite consistent with the idea of trying to compromise the matter or to buy his peace.

The evidence, controlling by virtue of the findings of the jury, is that respondent never intended to sign or ratify the contract as drawn, that he relied on appellant's statement that the contract was only for that period of ninety days, and, in reliance on the representation, he signed the contract.

The trial court fully appreciated the importance of a careful trial of the issues and of the necessity of a careful analysis of the testimony relating to the probability of respondent's being imposed upon as well as that relating to the effect of his action after discovering the fraud. We do not find any prejudicial error in submitting the case to the jury.

*By the Court.*—Judgment affirmed.

HUGHES, J., took no part.