ISAAC M. ROTHENBERG, Plaintiff, *v.* ALEXANDER FIELDS et al., Defendants.

Supreme Court, Special Term, Orange County, January 30, 1953.

*Scott & Hoyt* for defendants.

*Andrew S. Fraser* for plaintiff.

BAILEY, J. Motion for a change of venue from Kings to Ulster County upon the ground that the latter is the proper county. Cross motion by plaintiff to retain the venue in Kings County upon the ground that the convenience of witnesses will be served thereby.

Plaintiff contends in opposition to defendants' motion that (1) the motion is improperly based upon the affidavit of the attorney (2) the demand for a change of venue was not timely served and (3) the action does not directly involve real property in Ulster County wherefore Ulster County is not the proper county.

The Judicial Council of the State of New York in its Seventh Annual Report recommended that rule 146 of the Rules of Civil Practice be amended to provide that the demand and motion for change of venue be made by the party instead of by the attorney. This recommendation was made " in conformity with the usual practice * * * that these acts are to be performed by the party " and was not intended to preclude an attorney from performing the acts on behalf of his client. As stated on page 297 of the report " The attorney will still be able, however, to perform these acts on behalf of the party." The rule was amended as recommended. Defendants' attorney recites in his affidavit that he has records in his office pertaining to this case and is familiar with the proceedings therein. The general requirement that an affidavit be made by the party should not be pressed to a technical extreme where the attorney speaks with knowledge and is qualified to urge the issue which involves compliance with technical provisions of the law. (*Reed* v. *Smith,* 122 App. Div. 795; *Weinman* v. *Weinman,* 75 N. Y. S. 2d 880, 882.)

The demand for the change of venue was served " with the answer " as required by rule 146 and accepted by plaintiff although not served within twenty days. The court will not prescribe a twenty-day period of limitation for service of this demand in the absence of a clear legislative expression to such effect.

Plaintiff is seeking a judgment herein which involves a change in the title to real estate and the action is therefore within the purview of section 183 of the Civil Practice Act and properly maintainable in Ulster County. (*Nassau Hotel Co.* v. *Barnett,* 164 App. Div. 203; *Brunner* v. *Steinhardt,* 111 N.Y.S. 2d 887.)

Plaintiff has failed to give the names and addresses of his proposed witnesses or to indicate the substance of their testimony and its materiality to the issues. The cross motion to retain the venue in Kings County must therefore be denied. (*McDermott* v. *McDermott,* 267 App. Div. 171; *Sanders* v. *Prescott,* 234 App. Div. 899.)

Motion granted. Cross motion denied. Submit order accordingly.