INSTITUTE OF COMMERCIAL ART, INC., Appellant, vs. MAURICE, Respondent.

*March 6—April 3, 1956.*

For the appellant there was a brief and oral argument by *A. D. Sutherland* of Fond du Lac.

For the respondent there was a brief and oral argument by *George J. Laird* of Fond du Lac.

BROADFOOT, J.   The plaintiff contends that evidence of conversations between its agent and the Maurice family was not admissible.   At the trial such evidence was objected to on the ground that parol evidence is not admissible to vary the terms of a written contract.   These objections were overruled and the evidence was admitted.

The rule against the admission of parol evidence to vary the terms of a written contract does not exclude evidence of fraud which tends to invalidate the contract.   Such evidence does not contradict or vary the terms of the contract but, if sufficient, shows that the contract is invalid because of fraud at its inception.   *Engel v. Van Den Boogart,* 255 Wis. 81, 37 N. W. (2d) 852.

The plaintiff next contends that the evidence offered by the defendant is insufficient.   Under the circumstances revealed by the record herein it was the duty of the defendant to establish by clear and satisfactory evidence the following: (1) That plaintiff, through its agent, made a statement of fact that was untrue; (2) that such statement was made with

intent to induce the defendant to sign the agreement; (3) that the defendant in fact relied upon it and was induced thereby to act, to his damage; and (4) that the defendant had a right to rely upon said statement.

The substance of the testimony of Hubert Maurice was as follows: That plaintiff's agent called at his home on a Saturday afternoon and spent from two to three hours with the defendant and his minor son, explaining the art course; that his wife was in the adjoining kitchen where she could hear the conversation and that before the document was signed she entered the room and took part in the conversation; that they were informed this was an application for enrollment; that the application, when signed, would be forwarded to the company; if the son was not accepted the money would be returned; that if the son was not capable of the work the art course presented, the plaintiff would cancel the course; that if his son was not satisfied with what they offered he could sever the contract; that plaintiff's agent did not ask the defendant or any member of his family to read the application; that Mrs. Maurice wanted to have the application left with them over Sunday and that the same would be mailed to the agent on Monday; that the son continued the course about two months and canceled the contract because he did not have time to take the course. In addition to the down payment the son made one monthly payment. The testimony of Mrs. Maurice was to the same effect. Neither the son nor the agent was a witness upon the trial.

The first contention of the defendant is that he was induced to sign the agreement because it was represented to him to be an application for enrollment in an art course. That statement, of course, was true. The agreement was so designated at the top of the single-page agreement. The application

would become a contract upon acceptance by the plaintiff. Neither the defendant nor his wife testified that they understood anything different. The defendant further testified that his son continued the course for two months or more and made one monthly payment thereon. That shows the application was accepted by plaintiff, to the knowledge of the defendant, and thus became a contract. That testimony could not support a judgment in his favor.

The defendant further claims that the representation by the agent that the minor son could cancel the agreement if the son was not satisfied with the course offered or if he was not "capable of the course," was false. Although the agreement itself stated that the contract was not subject to revocation, there is no proof in the record that the plaintiff would not have canceled if the son was not satisfied with the course or if he was not capable of doing the work required by the lessons submitted. No attempt was made to cancel on that ground. We cannot assume that the statement was false. This testimony is not the clear and satisfactory evidence that is required to void an otherwise valid agreement.

The defendant contends that this case is controlled by our decision in *Engel v. Van Den Boogart, supra.* The circumstances in that case were far different than in the present case. In the *Engel Case,* Engel had a second-grade education and his wife a seventh-grade one and they testified that if they had read the contract they would not have understood it. In this case the record does not show the education of the defendant. However, his son was in high school and his wife had completed two years of high school. The application was short and the language was understandable by one of ordinary intelligence. During the two to three hours that the agent was in the home there must have been ample opportunity to read the document. It is contended that just prior to signing, the agent said he was in a hurry to get to Milwaukee and for that reason the defendant signed without reading the agree-

ment. There is no testimony that indicates he or the other members of his family did not have a full opportunity to read the same, nor that they could not have understood it.

This case is governed by the principles laid down in *Knight & Bostwick v. Moore*, 203 Wis. 540, 234 N. W. 902, and *W. H. Hobbs Supply Co. v. Ernst*, 270 Wis. 166, 70 N. W. (2d) 615.

The verdict submitted to the jury was not in proper form for a determination of the issues necessary in a fraud case. The evidence, however, was insufficient to establish those issues in favor of the defendant, and the plaintiff's motion for a directed verdict should have been granted. There is no issue as to damages.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment in favor of the plaintiff and against the defendant in accordance with the demands of the complaint.