POLLEY, Respondent, vs. BOEHCK EQUIPMENT COMPANY, Appellant.

*September 12—October 9, 1956.*

For the appellant there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Edward H. Borgelt* and *Kurt H. Frauen* of counsel, all of Milwaukee, and oral argument by *Mr. Frauen.*

For the respondent there was a brief by *Meyer & Meyer* of Marion, attorneys, and *John J. Burke* of Milwaukee of counsel, and oral argument by *Mr. B. E. Meyer* and *Mr. Burke.*

BROADFOOT, J. The trial court found that the defendant represented to the plaintiff that the engine in question was a new unused engine. The jury determined that such repre-

sentation was false and that the defendant knew that such representation was false.

The defendant first contends that there was insufficient evidence to support those answers. The defendant states that in actions of deceit based on fraud the plaintiff must produce clear, satisfactory, and convincing evidence in support of his allegations. Our attention is directed to cases wherein this court has said that in this type of cases the quantum of proof required to establish the affirmative of a particular question is "clear and convincing," "clear and satisfactory," and "clear, satisfactory, and convincing." It has been our opinion in recent cases that the words "satisfactory" and "convincing" mean the same thing. The word "convincing" is defined to mean satisfying by proof. In the latest cases of this type we have used the expression "clear and satisfactory evidence" as meaning the same thing as "clear and convincing evidence." *Estate of Hatten,* 233 Wis. 199, 288 N. W. 278; *Larson v. Splett,* 267 Wis. 473, 66 N. W. (2d) 181; *Institute of Commercial Art v. Maurice,* 272 Wis. 499, 76 N. W. (2d) 332. Thus, in fraud cases the evidence must be such that it is more than a mere preponderance but less than in criminal cases wherein the prosecution must establish its charges beyond a reasonable doubt.

To whom must the evidence be clear and satisfactory? The answer is, of course, to the jury. Where a jury is properly instructed as to the quantum and degree of evidence required and the jury reaches a conclusion as to the existence or nonexistence of a fact, then the evidence is clear and satisfactory to them. Evidence is sufficient or satisfactory if it is such as to satisfy an unprejudiced mind. It is not claimed that the jury was biased or prejudiced, nor is it claimed that the instructions were erroneous.

The defendant moved for a directed verdict at the close of the testimony. The trial court, with the testimony and documentary evidence in mind, overruled the motion.

If there is conflicting testimony, as there was here, the jury must determine the conflict. The weight to be given to testimony depends upon the credibility of the witnesses, and the jury is the judge of such credibility and, therefore, the weight to be given to particular testimony. When an appellate court is called upon to review the sufficiency of evidence its duty is similar to that of the trial judge in ruling upon a motion for a directed verdict. An analysis of the evidence will add nothing of value to this opinion. We cannot supersede the jury in weighing the evidence nor in passing on the credibility of the witnesses. From the record before us, we cannot say that the jury was wrong in making the answers it did in the special verdict.

The defendant next contends that the question of intent to deceive was not properly submitted to the jury. The defendant relies in particular upon language used in the case of *Benz v. Zobel,* 255 Wis. 542, 39 N. W. (2d) 713. In that case it was pointed out that fraudulent intent is a necessary element in this type of action and that such question should have been submitted to the jury. It is true that intent to defraud is a necessary element to be established. However, no request was made by the defendant to submit such a question and therefore it must be held that it waived its right to have the same submitted. Such an intent may be inferred where a false representation is made with knowledge of its falsity. 23 Am. Jur., Fraud and Deceit, p. 907, sec. 119; *Kline v. Washington Nat. Ins. Co.* 217 Wis. 21, 258 N. W. 370. The same question was presented to the trial court upon motions for review, and the court held that, because of the phrasing of the questions in the verdict and under the instructions which were given, the jury had to find intent to deceive to arrive at its answers to the questions. If a false representation was knowingly made to induce the plaintiff to purchase the engine, then there was intent to defraud. In any event, upon the record the trial court was authorized

to determine that question under the provisions of sec. 270.28, Stats.

The defendant further contends that the jury's determination of the value of the engine when sold to the plaintiff is not supported by credible evidence. Again, an analysis of the evidence as to damages would be of no value in this opinion. This question was raised in the motions after verdict. The trial court reviewed the evidence and determined that it was sufficient. We can find no error, either in the determination of the jury or of the court.

The defendant complains that the trial court failed to allow the jury to consider the installation of a new fuel pump by the defendant in mitigation of damages. The record shows that the defendant did install a new fuel pump a short time before the plaintiff disposed of the engine. The defendant valued the new fuel pump at $800. It took back the rebuilt fuel pump it had furnished with the engine. Before the case was submitted to the jury the defendant requested that some question be included in the special verdict to determine the value of the engine after the installation of the new fuel pump. No specific question was framed by the defendant and furnished to the trial court for submission. In response to the oral request the trial court felt that the proper rule of damages was stated in *Anderson v. Tri-State Home Improvement Co.* 268 Wis. 455, 67 N. W. (2d) 853, 68 N. W. (2d) 705, which held that this court has adopted the benefit-of-bargain rule under which the measure of damages is the difference between the value of the property as it was when purchased and what it would have been had it been as represented. That is the proper rule. Many new parts might have been added but that would not make a new machine out of a used machine. The jury heard the testimony as to the value of the fuel pump. In answering the question inquiring as to the value of the engine when it was delivered to the plaintiff the jury did not use the lowest figure disclosed by the evi-

dence. So far as we can tell, it may have considered the evidence of the value of the new fuel pump in arriving at its answers. The question of damages was one for the jury to determine.

The defendant offered in evidence a brass plate entitled "Rebuilt Size Data on Motor." It also attempted to show by the testimony of one of its employees that every rebuilt engine sold by it has such a tag affixed. The court excluded the offered evidence and the defendant contends that this was error. The complaint alleged that the engine sold to plaintiff was an old used engine in a poor state of repair. No issue was raised that it was a rebuilt engine. Further, no proper foundation was laid for the introduction of the evidence. There was no error.

*By the Court.*—Judgment affirmed.