STATE, Respondent, v. CONWAY and wife, Appellants.

*January 7—February 2, 1965.*

412

For the appellants there were briefs by *Conway & Conway* of Baraboo, attorneys, and *David Bogue* of Portage of counsel, and oral argument by *Mr. Bogue.*

For the respondent the cause was argued by *Roy G. Mita,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

WILKIE, J. Two issues are presented on this appeal:

(1) Does the circuit court for the county where defendants reside have jurisdiction over an action for specific performance of an option to sell real estate located in another county?

(2) Did the trial court err in granting summary judgment?

### *Jurisdiction.*

Sec. 261.01 (1), Stats., requires certain suits to be brought in the county where the real property in question is located.[1] Subsections (b), (c), and (d) of sec. 261.01 (1) are definitely inapplicable in this action since they involve partition, foreclosure, and recovery of distrained personal property respectively. The question of whether the circuit court for Sauk county had jurisdiction in the present case turns on whether a specific-performance suit to enforce an

---

[1] "261.01 PLACE OF TRIAL. Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:

"(1) *Where Subject of Action Situated.* Of an action within one of the four classes next following, the county in which the subject of the action or some part thereof is situated, viz.: (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such estate or interest, or for an injury to real property. (b) For the partition of property. (c) For the foreclosure, redemption or other satisfaction of a mortgage of real property. (d) For the recovery of distrained personal property, except that when personal property is seized in outlying waters under the provisions of section 29.05 then the place of trial shall be in the county in which the seizure of said personal property was made and where said seizure was made at a place where 2 or more counties have common jurisdiction under sections 2.03 and 2.04, then the place of trial may be in either county."

option to purchase real estate constitutes an action "[f]or the recovery of real property, or of an estate or interest therein, or for the determination in any form of such estate or interest," within the meaning of sec. 261.01 (1) (a). This precise question is one of first impression in this state, but appellants deem the holding in *State ex rel. Hammer v. Williams* [2] to be broad enough to cover the present facts. In *Williams* the court said that an action could not be brought in Rusk county to foreclose a mortgage on property situated in Price county. *Williams* is not controlling, however, since sec. 261.01 (1) (c) specifically commands that mortgage foreclosure actions be commenced in the county where the land is located. There is no such specific reference to specific-performance actions.

Respondent contends that because the contract (*i.e.,* the option) and not the land is the subject matter of the action, sec. 261.01 (1) (a), Stats., is inapplicable and the suit can be brought in the county where appellants reside pursuant to sec. 261.01 (12).[3] This position is well taken for several reasons. First, to come within the purview of sec. 261.01 (1), this situation could only be covered by the "or for the determination in any form of such estate or interest" language of subsection (a). The "such estate or interest" wording, however, alludes to a previous reference to "estate or interest, therein," which in turn relates to the "recovery of real property" language. Thus, subsection (a) as a whole keys off of "recovery of real property." That is, actions for "recovery of real property" or "an estate or interest therein" or "the determination in any form of such estate or interest" must be started in the county where the land lies. The present

---

[2] (1932), 209 Wis. 541, 245 N. W. 663.

[3] "261.01 (12) *Other Actions.* Of any other action, the county in which any defendant resides at the commencement of the action; or if no defendant resides in this state, any county which the plaintiff designates in his complaint."

action is not one for recovery of land, and does not fall within the meaning of sec. 261.01 (1) (a).

Second, the action is to enforce the contract (option), and not to try title to the land. Appellants' defenses to the granting of the summary judgment are contract defenses. No previous decision of this court declares that an action to enforce an underlying contract must be commenced under sec. 261.01 (1) (a), Stats. The authorities are limited to suits involving the title [4] or possession [5] of land. In addition, the partition, mortgage foreclosure, and recovery of distrained personalty actions specified in the other subsections of sec. 261.01 (1) involve suits not based on contract. [6]

Third, in this case, the judgment for specific performance does not operate on the land, but upon the person. [7] The appellants are commanded to perform according to their contract with the respondent. Therefore, it is not an action made local under sec. 261.01 (1), Stats. [8]

We conclude therefore that the circuit court for Sauk county did have jurisdiction over the action for specific per-

[4] *E.g.,* quiet-title action in *McArthur v. Moffet* (1910), 143 Wis. 564, 128 N. W. 445.

[5] *E.g.,* ejectment in *Cornell University v. Wisconsin Central R. Co.* (1880), 49 Wis. 158, 5 N. W. 329.

[6] It is true that mortgages are contractual in nature, but at the time the forerunner of sec. 261.01 (1) (c), Stats., was adopted, foreclosures were looked upon as closely akin, if not identical to, quiet-title actions. See *Bresnahan v. Bresnahan* (1879), 46 Wis. 385, 1 N. W. 39; Osborne, Mortgages (1951 hornbook series), p. 905, sec. 312.

[7] A divorce decree obtained in one state where jurisdiction is properly obtained may compel one of the parties over which the divorce court has jurisdiction to execute a conveyance of land outside the state, the judgment not operating on the land, but upon the person. See *Trowbridge v. Trowbridge* (1962), 16 Wis. (2d) 176, 187, 114 N. W. (2d) 129.

[8] *Dells Paper & Pulp Co. v. Willow River Lumber Co.* (1919), 170 Wis. 19, 173 N. W. 317.

formance even though the land covered by the option agreement was all located in Columbia county.

### Summary Judgment.

Summary judgment should not be granted where there are substantial issues of fact to be determined, when the evidence on a material issue is in conflict, or when there are permissible inferences from undisputed facts that would permit a different result.[9] Appellants opposed the granting of specific performance on the grounds that they entered into the option only because of misrepresentations made by Deerwester, the conservation commission employee. Appellant Vaughn Conway claims, in effect, that he was informed that the state was experiencing difficulty in securing neighboring property, and further that he executed the option only in response to Deerwester's assertions that it would aid the state in acquiring other property. Conway declares that he was not told that at the time options had actually been taken on other property in the area. Finally Conway states that he was given assurance that since the state could not pay an amount for property in excess of the federal appraisal (and the option price was greater) the option would not be exercised. Deerwester denies that he made any of these representations. Thus it is apparent from the pleadings and the affidavits that there is a dispute as to just what transpired during the negotiations for the option. The facts as asserted by each side are inconsistent and wholly irreconcilable.

Respondent, however, urges that since the option contract was unambiguous, the parol-evidence rule prevents the admission of any evidence bearing on the alleged misrepresentation, and that, therefore, summary judgment was properly granted because no issue of fact remained to be determined.

---

[9] *Fjeseth v. New York Life Ins. Co.* (1961), 14 Wis. (2d) 230, 111 N. W. (2d) 85.

But evidence of fraudulent misrepresentation is admissible, not to contradict the written terms of the agreement, but rather to demonstrate that it is invalid because induced by fraud.[10] Appellants' evidence relating to fraud would thus be admissible, and an issue of fact arises.

Respondent seeks equity. If the Conways' claims are proven at a trial, respondent will be shown to be a party to an illegal scheme to dupe the neighbors of the Conways into selling their property to the state. Under such circumstances, the state certainly would not be coming into court with clean hands, a requirement it must first satisfy if it is to win the equitable relief it seeks. Appellants make very serious allegations which go directly to the validity of the option. They are entitled to their day in court and a chance to prove their charges.

We cannot leave this case without noting that, while the option was given in June, 1956, action was started by the state in December, 1958. Now, more than six years later trial on the merits still has not been had. Obviously, neither party has been in a hurry. Neither can complain that "justice delayed is justice denied." [11] Nevertheless, the public has an interest in disposing of cases on crowded court dockets and this interest is undermined whenever it takes so inordinately long to litigate what appears to be a relatively uncomplicated controversy.

*By the Court.*—Orders and judgment reversed.

HALLOWS, J., took no part.

BEILFUSS, J. (*dissenting*). I respectfully dissent from that portion of the majority opinion which holds that the present action is transitory. The reasoning that this is an

---

[10] *Institute of Commercial Art v. Maurice* (1956), 272 Wis. 499, 76 N. W. (2d) 332; *Engel v. Van Den Boogart* (1949), 255 Wis. 81, 37 N. W. (2d) 852.

[11] William Gladstone.

action on contract rather than one "for the recovery of real property, or of an estate or interest therein, or *for the determination in any form* of such estate or interest," ignores the nature of the relief sought by plaintiff.

An action on an option contract such as the instant one could generate three types of prayers for relief. One could be for damages only—clearly transitory. Another could be for the recovery or possession of the land—clearly local. A third form of relief could be an alternative demand—land or damages, which is local.

We are not at liberty to disregard what plaintiff seeks to recover in this suit, irrespective of the label given to the action. Plaintiff is seeking only to acquire an interest in and possession of real estate. Its right to this land, of course, stems from a contract. In an action to gain title to real estate, if the plaintiff proves its case, refusal of the defendants to convey title will not defeat plaintiff's right to possession. The court judgment will be sufficient when it is filed in the register of deeds office.

The *Cornell University Case, supra,* referred to in the majority opinion, does stand for the proposition that ejectment is a local action. However, it should not be overlooked that there is a substantial similarity in the object of relief sought in ejectment actions and the present action. The ultimate goal is the same.

And, while it is true that mortgage actions are governed by a specific statute, the nature of most mortgage actions is a suit upon a contract which gives an alternative right to money damages or a sale of land to satisfy the judgment.

Two early cases bear decisively on the venue issue. In *Hackett v. Carter* (1875), 38 Wis. 394, the relief sought was that certain deeds be canceled, or that defendant be compelled to reconvey the subject lands to plaintiff. The basis of the action was that there was fraudulent misrepresentation as to

certain lands which were to be conveyed in exchange for plaintiff's real estate. It was held that the action related to land and was therefore local. Therefore, the venue was properly laid only in the county where the land was situated.

*Burrall v. Eames* (1856), 5 Wis. 260, 263, was an action for specific performance of a contract for the sale and conveyance of certain lands. The action was commenced in the county where the subject land was located. Defendant resided in a different county. The court said, "A suit for specific performance, like that of foreclosure, is of a twofold character, partly *in personam* and partly *in rem.*"

There was no statute such as is here at issue. Respecting R. S. 1849, ch. 90, sec. 3, which provided for venue where the defendant resided, the court said:

". . . but this refers exclusively to personal actions at law, and has no bearing upon the question before us. As, therefore, without any statute or rule of court, by the common usage of courts of chancery, the bill might be filed in cases of this kind, in the county where the land lay, and as there is no statute or rule of court restricting or forbidding this practice, we are of the opinion that the plea to the jurisdiction was insufficient, and should have been overruled. . . ." *Burrall v. Eames, supra,* at page 263.

Interestingly, following the case there is a note added some years later by DIXON, C. J., upon republication of Vol. 5 of the Wisconsin reports, which sets forth the forerunner of our present statute, enacted *subsequent* to the *Burrall Case, supra.* Ch. 91, sec. 2, Laws of 1859.

Our statute was taken from the New York Field Code,[1] ch. 379, sec. 103, Laws of New York, 1848, not materially different than the Wisconsin statutes.

---

[1] "Actions for the following causes, must be tried in the county where the cause or some part thereof arose, or in which the subject of the action or some part thereof is situated, subject to the power

What the majority opinion overlooks is the distinction between an action where title to the real estate is involved and an action where the judgment necessarily involves and requires a change in the title. The latter action must be tried as a local action. See *Rothenberg v. Fields* (1953), 204 Misc. 86, 118 N. Y. Supp. (2d) 822; *Greenberg v. Refined Gas Stations, Inc.* (1948), 83 N. Y. Supp. (2d) 761; *Nassau Hotel Co. v. Barnett* (1914), 164 App. Div. 203, 149 N. Y. Supp. 645. In *Grace v. Deepdale, Inc.* (1957), 3 App. Div. (2d) 397, 160 N. Y. Supp. (2d) 598, it is said: "While it is true that some cases have assumed, or even held, that an executory real property contract, the rescission of which was being sought, did not affect the title to real property, it is difficult to accept the distinction as a sound one."

*Capobianco v. Romaine* (1959), 21 Misc. (2d) 54, 191 N. Y. Supp. (2d) 219, was an action by a purchaser to rescind an executed contract to purchase real property and to impress a purchaser's lien thereon for the amount of consideration paid. It was held that the action must be tried in the county where the land is situated.

---

of the court to change the place of trial, in the cases provided by statute.

"1. For the recovery of real property or of an estate or interest therein, or for the determination, in any form, of such right or interest, and for injuries to real property;

"2. For the partition of real property;

"3. For the foreclosure of a mortgage of real property; . . ." The present pertinent provisions of the law read: "The place of trial of an action in which the judgment demand would affect the title to, or the possession, use or enjoyment of, real property shall be in the county in which any part of the subject of the action is situated." C. P. L. R., sec. 507. Formerly C. P. A., 1920, sec. 183; C. C. P., 1876, sec. 982; C. P. (Field Code), 1848, sec. 123. While the Wisconsin statute does not read in terms of the judgment demanded affecting title to property, nevertheless, it would seem clear that the necessary effect of the words in sec. 261.01 (1), Stats., "or for the determination in any form of such estate or interest" is the same.

*Birmingham v. Squires* (1910), 139 App. Div. 129, 123 N. Y. Supp. 906, was an action to rescind an executed contract to the sale of land by defendants to plaintiff, and to recover the consideration paid. It was held that the action affected title and was therefore local. The court said at page 131:

"In the case at bar, however, there can be no recovery without a cancellation of the contract, and, although a cancellation of the deed is not demanded, without its cancellation in a reconveyance plaintiff will not be entitled to recover, and therefore the necessary effect of the judgment demanded is to effect a change of title by the cancellation of the contract and conveyance."

*Hall v. Gilman* (1902), 77 App. Div. 464, 79 N. Y. Supp. 307, was an action to enforce specific performance of an agreement to devise lands. It was held that it was proper to bring the action where some of the land was situated, even though some of the other lands affected by the agreement were located without the state.

*Kearr v. Bartlett* (1888), 54 N. Y. Sup. Ct. (47 Hun) 245, 13 N. Y. St. Rptr. 580, was a suit for specific performance of a contract to exchange lands. The court granted defendant's application to have the suit removed to the county where defendant's land was situated.

It is therefore evident that the instant action contemplates a change in title to the real estate and that this is the sole purpose of the action. Venue should be laid in the county wherein the land is situated. The action should be dismissed for want of jurisdiction.