Harold C. SMITH, III, Administrator of the Estate of Mildred B. Smith, Plaintiff,

v.

Roy J. T. HARRIS and Elizabeth M. Harris, his wife, Defendants.

No. 69–C–361.

United States District Court
E. D. Wisconsin.

Jan. 14, 1970.

Moertl & Wilkins, Milwaukee, Wis., for plaintiff.

Wartman & Wartman, Ashland, Wis., for defendants.

MYRON L. GORDON, District Judge.

### DECISION AND ORDER

The defendants have moved to dismiss the action as improvidently brought in this district, and in the alternative they have moved for a change of venue to the western district of Wisconsin under 28 U.S.C. §§ 1404(a) and 1406(a).

The underlying action involves a suit for specific performance of a real estate contract. It is alleged that the defendants, who are residents of Texas, by a contract accepted on September 13, 1968, agreed to buy a resort in Ashland County, Wisconsin for $65,000 from the estate of Mildred B. Smith. The real estate in question is located in the western district of Wisconsin, and the administrator of the estate, who brought this action, resides in the eastern district of Wisconsin.

Since it was proper to bring this action in this district, it cannot be dismissed under 28 U.S.C. § 1406(a); nevertheless, the action is one which clearly should be transferred under 28 U.S.C. § 1404(a).

 Rule 17(a), Federal Rules of Civil Procedure, provides in part that:

"An \* \* \* administrator \* \* \* in whose name a contract has been made for the benefit of another \* \* may sue in his own name \* \* \*."

The administrator's personal residence is his place of residence for purposes of venue under 28 U.S.C. § 1391(a). Nunn v. Feltinton, 294 F.2d 450, 453 (5th Cir. 1961). It follows that the action could properly be brought in this district. However, "the convenience of parties and witnesses, in the interest of justice", under 28 U.S.C. § 1404(a), dictates that the action be transferred to the western district of Wisconsin. The land which is the *res* of this action is located in Ashland County, which is several hundred miles distant from this court; the judge of the western district of Wisconsin sits from time to time in Superior, Wisconsin, which is less than 75 miles from the county seat of Ashland County.

The distances involved are important even though this is not a local action. See State v. Conway, 26 Wis.2d 410, 132 N.W.2d 539 (1964). The defendants indicate in their briefs that they may call witnesses from Ashland County on issues of property values and local ordinances. In addition, the defendants indicate that they may request a judicial view of the premises, and that there may be the necessity for a judicial sale. All these are proper factors to examine in considering the "convenience of parties and witnesses, in the interest of justice". See Amis Construction Co. v. Pressed Steel Tank Co., 279 F.Supp. 83 (E.D.Wis. 1968).

Under 28 U.S.C. § 1404(a), a change of venue can be made only to a district where the action could have originally been brought. Although there is but meager information on this point in the present record, it is probable that the claim arose in the western district of Wisconsin. That would be sufficient under 28 U.S.C. § 1391(a). In addition, the subject matter of the contract is located there. Thus, I believe that the action could have been brought in the western district, and I find that "for the convenience of parties and witnesses, in the interest of justice", the requested change of venue should be granted.

It is hereby ordered that the defendants' motion to dismiss be and hereby is denied, and their motion to change venue to the western district of Wisconsin under 28 U.S.C. § 1404(a) be and hereby is granted.