FOND DU LAC PLAZA, INC., Plaintiff and Respondent, V.
H. C. PRANGE COMPANY and another, Defendants and
Appellants: REID and another, Defendants.

*No. 314. Argued June 2, 1970.—Decided June 26, 1970.*
(Also reported in 178 N. W. 2d 67.)

For the appellants there were briefs by *James P. Brody, Maurice J. McSweeney,* and *Foley & Lardner,* all of Milwaukee, and by *Robert L. Rohde,* and *Federer, Grote, Hessling, Rohde & Neuses,* all of Sheboygan, and oral argument by *James P. Brody.*

For the respondent there was a brief by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Victor M. Harding* and *Anthony W. Asmuth III* of counsel,

all of Milwaukee, and oral argument by *Victor M. Harding*.

For the defendants Archie Reid, Jr., and Hattie Reid there was a brief by *Prazak & Geffs* of Clinton.

HALLOWS, C. J.   This case is controlled by the reasoning in *State v. Conway* (1965), 26 Wis. 2d 410, 132 N. W. 2d 539, and the order should be affirmed.  The complaint alleges that in June, 1965, Reids entered into an option agreement to lease certain real estate owned by them in Fond du Lac county to Melvin Simon and Associates, Inc. The option provided that the optionees could lease the property, which consisted of about 70 acres, for an initial term of fifty-five years with the right to an extended additional term of fifty years.  The term of the option within which the option could be exercised was an initial period of one hundred eighty days; and the option provided that period could be extended for an additional one hundred sixty days upon the payment of $1,500 prior to the expiration of the initial period.  During the initial period, it is alleged the Reids conveyed a portion of the property, some two acres, to Prange, who in turn conveyed to Budget.  It is further alleged both Prange and Budget "had full knowledge or reasonably should have known of the existence of the option to lease."

On October 30, 1965, about a month after this conveyance, Melvin Simon and Associates, Inc., assigned the option to Plaza who, on December 11, 1965, and prior to the expiration of the initial option period, tendered to the Reids the sum of $1,500 for the purpose of extending the option period, but the Reids refused to accept the tender. By way of relief, the complaint prays the conveyance from the Reids to Prange and Budget be set aside and declared void, Prange and Budget be enjoined from taking possession of the property, and the Reids required to specifically observe and perform the option to lease.  In

addition, damages are requested. While this matter was under advisement by the trial court, Plaza by letter withdrew from the prayer for relief its request to have the deeds to Prange and Budget declared void, and these defendants claim that such information is *dehors* the record on this appeal.

It may be the complaint leaves something to be desired because it does not allege that Plaza has exercised the option so that a binding contract to make a lease or to lease the property is in existence. The only breach alleged is the refusal to accept the tender to extend the option period which period has now long expired. However, this case has been argued on the basis that Plaza has an agreement to lease the property and Reids have refused to lease such property and have sold part of it to Prange and Budget. For the purpose of deciding the question of venue, we will assume these facts in order to determine the nature of the cause of action and whether sec. 261.01 (1) (a), Stats.,[1] requires this suit to be brought in the county in which the land is situated. We think sec. 261.01 (1) (a) was intended to apply to suits which subject real estate or an interest therein to the jurisdiction and direct control of the court; and conversely, a suit although involving or concerned with real property indirectly is not subject to the section when the main object and nature of the suit is not to directly affect title to land by force of a decree of the court. In *State v. Conway, supra,* we recognized the well-established rule in equity that a suit for specific performance to convey

[1] "261.01 **Place of trial.** Except as provided in section 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:

"(1) WHERE SUBJECT OF ACTION SITUATED. Of an action within one of the four classes next following, the county in which the subject of the action or some part thereof is situated, viz: (a) For the the recovery of real property, or of an estate or interest therein, or for the determination in any form of such estate or interest, or for an injury to real property."

land did not have to be brought in the county in which the land is situated but could be brought under sec. 261.01 (12) in the county of the defendant's residence. It is argued that *Conway* should be restricted to its facts and distinguished on the ground the suit was between the immediate parties to the contract of purchase while here the suit is against not only the parties to the option but also against nonparties and subsequent purchasers. We see no validity in this distinction if the nature of this suit for specific performance is in personam. As we analyze the complaint, this suit seeks a decree ordering the Reids to lease the land and to enjoin Prange and Budget from interfering with Plaza's possession. The decree would not act directly on the land but on the parties. What the rights are between Prange and Budget and the Reids subject to the lease are not before us. Of course, in determining Plaza's rights to an injunction, their rights as against Prange and Budget will have to be determined. But this factor in the context of a specific performance action is not determinative that sec. 261.01 (1) (a) applies.

One of the principal factors in determining the venue of an action for specific performance of a contract pertaining to real estate is the nature of the suit in question. For venue purposes, the character of the action depends primarily upon the particular relief sought or which might be obtained under the complaint. Annot. (1959), *Venue—Specific Performance—Realty,* 63 A. L. R. 2d 456, 473. Normally, an action for specific performance is in personam and the decree of the court of equity unaided by statute operates only on the conscience of the defendant or in personam and not directly on the land or in rem. However, a suit for specific performance in some rare cases where the defendant is outside of the territorial jurisdiction of the court and the land within it may be in rem and the court may act directly on the land, but such a suit must be brought in the county where-

in the land is situated. Sec. 261.01 (1) (a), Stats. Likewise, the suit may be a Dr. Jekyll-Mr. Hyde affair, but this can only occur when the court has both territorial jurisdiction over the land and personal jurisdiction over the defendants. In all those cases the allegations of the complaint are essentially the same excepting for those relating to the power of the court to grant relief. It is the nature of the relief sought that is important.

This dual character of the action for specific performance was recognized very early in our jurisprudence in *Burrall v. Eames* (1856), 5 Wis. 260, which was a case for specific performance started in Rock county, where the land was situated, against defendants living in Brown county and which was tried under the equity practice then prevalent in this state. The court recognized it could enforce a contract either by operating upon the person to compel a conveyance or by passing the title of the land by decree and the specific performance suit could be started either in the place of the defendant's residence or in the county in which the land was situated. However, if the sole object of the suit was to subject the specific property to the jurisdiction and control of the court, then the county in which the land was situated was the proper county in which to commence the suit, although the defendants may reside in another county in the state.[2] It has been held that statutes like sec. 261.01 (1) (a) do not apply to specific performance actions seeking an in personam decree. 49 Am. Jur., p. 162, sec. 139, *Action as One in Personam or in Rem; Jurisdiction and Venue. See also: Morgan v. Bell* (1892), 3 Wash. 554, 28 Pac. 925. By analogy, actions to rescind contracts involving land are generally considered in personam and

---

[2] The reporter's note to the case points out a statute had now been enacted, which apparently is the predecessor of sec. 261.01 (1). This we think would only change "proper" venue into a "mandatory" venue for applicable actions. *See* sec. 316.54, Stats., for special instance where court can pass title by decree directly.

not subject to sections like sec. 261.01. *See* Annot. (1961), *Venue of action for rescission or cancellation of contract relating to interests in land,* 77 A. L. R. 2d 1014.

We think sec. 261.01 (1) (a), Stats., was not intended to require an in personam type of specific performance action to be brought in the county in which the land is situated but such section does apply to a specific performance action when the nature thereof is in rem because in such an in rem action the decree operates directly on the land. Here, Plaza chose to sue in the county of the defendants' residence for an in personam decree. We do not consider material the withdrawal of the prayer for cancellation of the deed to Prange and Budget because the main object of the suit was in personam and the incidental relief if in rem could not be given. We should not allow the incidental relief to determine the nature of the suit.

There is no question that as contended by Prange and Budget that an in personam decree in a specific performance case affects the land or an estate or interest therein; and if the equity court decrees the defendant should convey the estate or interest, that a determination of who is entitled to the estate or interest is made. However, in a legal sense, the in personam decree does not affect the land but requires the defendant to affect it and therefore such a suit is not encompassed within sec. 261.01 (1) (a), Stats. Since the primary relief sought by this complaint is in personam to have the Reids personally perform their contract and against Prange and Budget only to recognize that contract, the court need not act directly upon the land and sec. 261.01 (1) (a) is inapplicable.

*By the Court.*—Order affirmed.

BEILFUSS, J., took no part.