Albert R. MUELLER and Delores J. Mueller,
his wife, Plaintiffs-Respondents,†

v.

Donald B. BRUNN and Marion F. Brunn, his wife,
Defendants,

TOWN OF VERNON, a municipal corporation,
Defendant-Appellant.

Court of Appeals

*No. 80–1227. Submitted on briefs January 23, 1981.—*
*Decided February 17, 1981.*
(Also reported in 304 N.W.2d 144.)

For the defendant-appellant the cause was submitted on the brief of *Patrick F. Brown* and *Steven J. Steinhoff* of *Love, Brown, Love, Phillips & Davis* of Waukesha.

For the plaintiffs-respondents the cause was submitted on the brief of *Leonard W. Schulz* of Big Bend.

Before Voss, P.J., Brown and Scott, J.J.

SCOTT, J.   This court granted the Town of Vernon leave to appeal a nonfinal order of the trial court which denied the Town's motion to dismiss.   On appeal, the

---

† Petition to review granted.

Town argues that the trial court lacked subject matter jurisdiction because, being an action for injury to real property, the action against the Town should have been brought in Waukesha county, the county where the property was located, and not in Walworth county. We agree. We reverse the trial court's order, and we direct the court to dismiss the action as to the Town.

Albert and Delores Mueller commenced this action by filing a complaint in Racine county against Donald and Marion Brunn and the Town of Vernon. The complaint alleged that the Muellers bought certain real estate from the Brunns, that the real estate was located in the Town of Vernon in Waukesha county and that the real estate included a well for providing water to the homestead on the premises. The complaint alleged that in the offer to purchase, the Brunns had warranted and represented that they had no notice or knowledge of any structural or mechanical defects in the property, including adequacy and quality of the well.

The complaint further alleged that the Muellers took possession of the premises and found the water from the well to be unfit for human consumption due to contamination by an excessive level of salt. The complaint alleged that the Brunns had notice of the contamination.

The complaint also alleged that the Town of Vernon owned certain real estate which abutted the Muellers' property and on which the Town stored large quantities of road salt. The complaint alleged that the Muellers had been damaged both by the Brunns' misrepresentation and by salt infiltration caused by the Town's negligent storage of salt. The complaint sought damages from both the Brunns and the Town.

The Brunns subsequently filed a demand for change of venue to Walworth county on the ground that none of the defendants resided in Racine county and that defendant Brunns resided in Walworth. The Muellers gave

their consent to the change of venue, and the Racine county circuit court ordered the change.

The Brunns then filed in Walworth county their answer to the complaint and also filed a cross-complaint against the Town. The Town answered the complaint and cross-complaint and filed its own counterclaim and cross-complaint. The Town also moved to dismiss the action on the ground, among others, that the Walworth county circuit court lacked subject matter jurisdiction.

The trial court denied the Town's motion to dismiss. The court reasoned:

Here the action against the Town of Vernon is not for relief against the real estate, but is for damages which it alleges arose from the use of the Town's land by the Town. It is clear, therefore, that this is an action *in personam,* and under the *Fond Du Lac Plaza Case* may clearly be brought in Walworth County.

On appeal, the Town argues that the trial court erred in denying the motion to dismiss. We believe an analysis of the statutes pertaining to venue shows the Town is correct.

Section 801.50(1) and (12), Stats., provides:

801.50   Place of trial. Except as provided in s. 220.12 and subject to the provisions for change of venue the proper place of trial of civil actions is as follows:
   (1) WHERE SUBJECT OF ACTION SITUATED. Of an action within one of the 4 classes next following, the county in which the subject of the action or some part thereof is situated:
   (a) For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such estate or interest, or *for an injury to real property.*
   (b) For the partition of property.
   (c) For the foreclosure, redemption or other satisfaction of a mortgage of real property.

(d) For the recovery of distrained personal property,
. . . .

. . .
(12) OTHER ACTIONS. Of any other action, the county in which any defendant resides at the commencement of the action; or if no defendant resides in this state, any county which the plaintiff designates in his complaint. [Emphasis added.]

Section 801.51, Stats, provides:

801.51 Place of trial, general rule, exceptions. The county designated in the complaint shall be the place of trial, unless the same be changed as provided in this chapter, *except that every action named in s. 801.50(1) can be commenced only in the county in which the property or some part thereof is situated.* [Emphasis added.]

Section 801.53, Stats., provides:

801.53 Change of venue to proper county. When the county designated in the complaint is not the proper place of trial, *except as to actions named in s. 801.50(1),* the defendant may, within 20 days after the service of the complaint, serve upon the plaintiff a demand in writing that the trial be had within a proper county, specifying the county or counties, and the reason therefor. . . . [Emphasis added.]

We believe the Muellers' claim for relief against the Town was clearly for an injury to real property for it alleged that the Town's negligent storage of salt caused contamination of the well water supply. The proper place for trial of the action against the Town was in Waukesha county, the county where the real property was located. Sec. 801.50(1)(a), Stats.

Venue of an action under sec. 801.50(1), Stats., goes to the subject matter jurisdiction of the trial court because such an action can be commenced *only* in the county in which the property is located.[1] Sec. 801.51, Stats. If

[1] *Accord,* J. Conway, Wisconsin and Federal Civil Procedure §10.11 (1975); *State ex rel. Hammer v. Williams,* 209 Wis. 541, 245 N.W. 663 (1932); 77 Am. Jur.2d *Venue* §46 (1975).

an action under sec. 801.50(1), Stats., is commenced in a county in which none of the property is located, a defendant's proper response is not to serve a demand that venue be changed to a county in which the property is located. Sec. 801.53, Stats. The proper response is to move to dismiss the action for lack of subject matter jurisdiction. In the present case, the Town properly moved to dismiss.

The reliance of the trial court and the Muellers on *Fond du Lac Plaza, Inc. v. H.C. Prange Co.*, 47 Wis.2d 593, 178 N.W.2d 67 (1970), is misplaced. The issue before the court in *Fond du Lac Plaza* was whether an action for specific performance is an action which subjects real estate or an interest therein to the jurisdiction and direct control of the court and which must be commenced in the county where the property is located. *Id.* at 596, 178 N.W.2d at 69. The court held that where the character of the specific performance action is, on the one hand, to seek a decree operating on the conscience or the person of the defendant, the action is *in personam* and does not subject an interest in real estate to the jurisdiction of the court. Where the character of the specific performance action is, on the other hand, to seek a decree which operates directly on the land or *in rem*, the action must be brought in the county wherein the land is located. *Id.* at 597–98, 178 N.W.2d at 70.

In the present case, the Muellers' action is not one for specific performance. The language in the *Fond du Lac Plaza* case concerning the *in personam* versus *in rem* character of a specific performance action is inapplicable to an action for injury to property. Unlike an action for specific performance, an action for injury to property is *in rem* by nature and is an action which clearly subjects real estate to the jurisdiction of the court. Such an action must be commenced in the county in which the property is located. Sec. 801.51, Stats.

The present case is complicated by the manner in which the complaint joined two different claims for relief against two different defendants. The claim for relief against the Brunns was for fraudulent misrepresentation of the condition of the well in the offer to purchase. The claim for relief against the Town was for negligent injury to property.

If the complaint had set forth only the claim for relief against the Brunns, the proper place for trial would have been Walworth county, assuming the Brunns resided in that county.[2] If the complaint had set forth only the claim for relief against the Town, the action could have been commenced only in Waukesha county, the location of the subject matter real estate.

According to one authority, there is no general rule as to when or how far venue may be fixed by joining in one suit different causes of action which, if sued separately, would have to be brought in different counties. 77 Am. Jur.2d *Venue* §26 (1975).

In the present case, we hold that because of the jurisdictional nature of venue in an action for injury to property, the action must be dismissed as to the Town. The Walworth county circuit court has no subject matter jurisdiction to provide any relief to the Muellers on their claim for relief for injury to property located in Waukesha county.

The Muellers argue that contamination of well water is not an injury to real property because a special body of law has developed concerning riparian rights. This argument is without merit. Section 990.01(35), Stats., provides that in the construction of Wisconsin laws, the phrase "real property" includes "lands, tenements and hereditaments and all rights thereto and interests there-

---

[2] The record is unclear whether both of the Brunns reside in Walworth county or whether, being divorced, one resides in Walworth and the other resides in Waukesha county.

in." A person's interest in the water in his well is an interest in real property for the purposes of sec. 801.50 (1) (a), Stats.

*By the Court.*—Order reversed with directions to dismiss the action as to the Town.